**Harry W. BOETTGER, Appellant,**
**v.**
**The BABCOCK & WILCOX COMPANY.**
**No. 12041.**

United States Court of Appeals
Third Circuit.

Argued Jan. 25, 1957.

Decided March 5, 1957.

Rehearing Denied April 12, 1957.

Paul A. McGinley, Allentown, Pa., for appellant.

John B. Hannum, 3d, Philadelphia, Pa. (Richard J. vanRoden, Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The judgment from which this appeal was taken was entered for The Babcock & Wilcox Company, defendant below, upon its motion for summary judgment in an action for negligent personal injury. The claim arose out of an industrial accident in Pennsylvania and the suit is within federal jurisdiction solely as a diversity case. Decision below turned upon the trial court's conclusion that the defendant was either the employer or, under the Pennsylvania Workmen's Compensation Act, 77 P.S.Pa. § 1 et seq., the "statutory employer" of the plaintiff, Boettger, and, therefore, was not suable by its "employee" for negligent injury, except as provided by the Workmen's Compensation Act.

The motion for summary judgment was decided on a record which contained only the complaint, the answer, statements by the defendant in answer to interrogatories and testimony of the plaintiff in a deposition taken by the defendant. It was the view of the district court that admissions in Boettger's complaint and in his deposition estab-

...shed that Babcock & Wilcox was his actual or statutory employer in whose service injury had been suffered. We consider first whether the very brief record establishes an actual master-servant relationship between the parties.

The accident occurred at the place of business of Pipe & Tubular Products, Inc., which is not a party to this suit. Boettger, a metal worker, was regularly employed at this plant by Pipe & Tubular. That employer alone paid his salary and has provided workmen's compensation coverage under which compensation is being paid for the injury in suit.

Babcock & Wilcox is a manufacturer of metal tubing. Under some arrangement, the nature and details of which do not appear, metal work for Babcock & Wilcox was being done at the Pipe & Tubular plant by regular Pipe & Tubular personnel with a Babcock & Wilcox supervisor giving instructions about the work in progress. While Boettger, a person so employed, was preparing to cut a piece of metal tubing, a stand upon which the tube was supported collapsed, inflicting the injury which is the subject of the present complaint.

The complaint itself alleges that "the defendant exercised supervisory control over the facilities and over the materials being used and over the manner in which the work was done on its product". In addition, in his deposition Boettger stated that the Babcock & Wilcox supervisor had told him to cut certain sections of pipe and then had "set up" the very job in the course of which the accident occurred.

On behalf of the appellant it is urged that on the present record the admitted "supervisory control" by the Babcock & Wilcox foreman over the work being done by Pipe & Tubular personnel in the Pipe & Tubular plant is not necessarily such control as compels the conclusion that a master-servant relationship existed between the present parties. Moreover, since the agreement between the two industrial proprietors is not revealed and nothing is said about the role, if any, of Pipe & Tubular super-visory personnel in connection with the performance of the Babcock & Wilcox job, we have no information as to what right of control Pipe & Tubular retained over employees assigned to the work being done for Babcock & Wilcox. It is quite possible that the relationship between Babcock & Wilcox and Pipe & Tubular was one of contractor and sub-contractor, as Babcock & Wilcox alleges in its answer, although this is neither admitted nor denied by Boettger. The courts of Pennsylvania recognize that a contractor and a sub-contractor may arrange that a supervising member of the contractor's staff shall furnish guidance and direction to and exercise a measure of control over the sub-contractor's employees in the performance of the sub-contracted job without making the sub-contractor's workmen the employees of the contractor. Brooks v. Buckley & Banks, 1927, 291 Pa. 1, 139 A. 379; Simonton v. Morton, 1923, 275 Pa. 562, 119 A. 732; Miller v. Merritt & Co., 1905, 211 Pa. 127, 60 A. 508. Thus, though such admissions as appear in Boettger's complaint and deposition are indicia pointing toward a master-servant relation between the parties, they are not conclusive. Moreover, pointing the other way are the admitted facts that Boettger was regularly employed by Pipe & Tubular and that he was being paid by that employer and was working in its shop at the time of the injury. In these circumstances, it seems to us that the ruling on motion for summary judgment was premature in that, on the record, the relationship of the parties was neither conceded nor established.

But, the district court reasoned, even if Boettger's admissions did not establish that he was the employee of Babcock & Wilcox, enough appeared to establish a statutory employer-employee relationship under the Pennsylvania Workmen's Compensation Act. Section 203 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 52 defines a special situation in which one who in actuality is not the employer of an injured workman may be charged with the responsibilities

and may enjoy the immunities of an employer under the statute. That section reads as follows:

"An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe."

The courts of Pennsylvania have construed this section strictly. See McDonald v. Levinson Steel Co., 1930, 302 Pa. 287, 153 A. 424; Gallivan v. Wark Co., 1927, 288 Pa. 443, 136 A. 223. For present purposes the important requirement is that the person to be charged as a statutory employer must, in fact, occupy or control the premises, while the employee must be one whom that responsible occupant has permitted to enter the premises in furtherance of his regular business. The Pennsylvania courts regard this requirement that the statutory employer occupy or control the premises to which he has admitted the workman in question as the one feature of the scheme of Section 203 which makes constitutional this imposition of an employer's Workmen Compensation responsibility upon one who is not an actual employer. D'Alessandro v. Barfield, 1944, 348 Pa. 328, 35 A.2d 412; Rich Hill Coal Co. v. Bashore, 1939, 334 Pa. 449, 7 A.2d 302; see Skinner, Workmen's Compensation Law of Pennsylvania, 4th ed. 1947, 90–92.

In our view the present record fails to establish that Babcock & Wilcox, rather than Pipe & Tubular, occupied or controlled the plant or work shop where this injury occurred. It is clear that this establishment was the regular place of business of Pipe & Tubular. There is no indication that Pipe & Tubular had suspended its shop activities. To the contrary, the defendant itself asserts in its answer that Pipe & Tubular was

acting as its sub-contractor. On the other hand the complaint contains a statement, which for present purposes is not very informative, that Babcock & Wilcox was "using the facilities of Pipe & Tubular Products, Inc." Perhaps some light is cast upon the meaning of this assertion by plaintiff's subsequent deposition that there were only two members of the Babcock & Wilcox organization on the premises, one described as "a type of foreman" and the other as "the man that goes around the country for Babcock & Wilcox". Moreover, nothing in the record suggests that Boettger was present by permission of Babcock & Wilcox or, more generally, that Babcock & Wilcox had any authority to determine who should or should not enter or work in the Pipe & Tubular shop. Here again, we do not know what a full development of the facts, and particularly the agreement between the two companies, would show. But certainly it does not now appear that the premises were under the control of Babcock & Wilcox, or that Boettger was present by permission of that company.

One other point calls for brief comment. It is argued that, if Babcock & Wilcox was not in control of the premises, there was no basis for charging it with negligence toward the plaintiff. In some circumstances such a contention would be valid. E. g., Sarne v. Baltimore & O. Ry. Co., 1952, 370 Pa. 82, 87 A.2d 264. But here we think the argument is unsound. The complaint alleges that Babcock & Wilcox furnished certain materials to be used in the performance of the job on which Boettger was working and that the accident was caused by the defectiveness of these materials. These facts, if proved, could afford a basis of liability even though the defendant was neither the plaintiff's employer nor the person in control of the premises.

A final comment seems appropriate in connection with the issues in this case. It occurs to us that the facts concerning the actual relationship of the parties, and perhaps the facts concerning the

supplying of materials as well might be explored through appropriate pre-trial procedure with possible narrowing or even elimination of issues otherwise requiring formal trial. But however that may be, we think it does not now appear that the defendant is entitled to judgment.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.