William J. HAYES

v.

**DELAWARE VALLEY STEEL FABRICATORS, INC., Defendant,
A. Belanger & Sons, Inc.,**

and

**Philadelphia Transportation Company, Defendants-Third-Party Plaintiffs,**

v.

**HUGHES STEEL ERECTION CO., Inc., Third-Party Defendant.**

**Civ. A. No. 26181.**

United States District Court
E. D. Pennsylvania.

Feb. 5, 1962.

Stephen M. Feldman, Joseph G. Feldman, Feldman & Feldman, Philadelphia, Pa., for plaintiff.

Richard J. van Roden, John B. Hannum, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant, A. Belanger & Sons, Inc.

JOSEPH S. LORD, III, District Judge.

Plaintiff, a construction worker employed by Hughes Steel Erection Co., Inc. (Hughes) was injured while working on the Philadelphia Transportation Company's (P.T.C.'s) elevated structure. The general contract for the work had originally been given to Delaware Valley Steel Fabricators, Inc. (Delaware Valley); this company in turn assigned it to A. Belanger & Sons, Inc. (Belanger). The suit is against Delaware Valley, Belanger & P. T. C., with Hughes joined as a third party defendant. Belanger subcontracted the entire job to Hughes, and in answer to plaintiff's interrogatory has stated it performed no work in connection with the contract.

We have before us Belanger's motion for summary judgment on the ground that it was plaintiff's "statutory employer" under § 203 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 52, and that plaintiff's exclusive remedy is under that Act. Jurisdiction is based on diversity.

In McDonald v. Levinson Steel Company, 302 Pa. 287, 294, 153 A. 424, 426 (1930), the Supreme Court of Pennsylvania read that section as follows:

"An employer [principal contractor] who permits the entry upon premises occupied by him or under his control of a laborer * * * hired by * * * a contractor [subcontractor], for the performance upon such premises of a part of the employer's [principal contractor's] regular business entrusted to such * * * contractor [subcontractor], shall be liable * * * in the same manner * * * as to his own employee."

It is perfectly clear from the pleadings and the stipulated contracts that Belanger was the general contractor and Hughes its subcontractor. Normally, in this situation the Act takes hold and workmen's compensation is the exclusive remedy against the general contractor of the subcontractor's employe.

In Swartz v. Conradis, 298 Pa. 343, 345, 148 A. 529 (1929), the court said:

"* * * When the relationship of contractor, subcontractor, and employee springs into existence, the Compensation Act takes hold; the common-law relation of the parties theretofore existing is changed into a statutory relation. * * *"

Our inquiry must therefore be: is there anything in this case which would justify a jury in finding that a relationship other than the normal one exists here?

Plaintiff refers us to Girardi v. Pennsylvania Power & Light Company, et al., 174 F.Supp. 813 (E.D.Pa.1959), as authority for the proposition that the question of statutory employment is for the jury. It is true that the question of whether the general contractor (Lipsett) had retained the right of control was, in fact, left to the jury. However, as we read the opinion of the Court of Appeals in that same case [Girardi v. Lipsett, 275 F.2d 492 (C.A.3, 1960)], we think it is dispositive of this case in the opposite direction. We think that Girardi in the Court of Appeals requires us to grant defendant's motion.

An understanding of the litigative history of that case is necessary. Before the case came on for actual trial there had been a motion for summary judgment argued before Judge Kirkpatrick. The plaintiff asserted that there had been a novation, that the general contractor [Lipsett] had been released and that the subcontractor [Andershonis] had been substituted in Lipsett's place as general contractor. Pointing to the fact that this factual assertion was sharply denied, Judge Kirkpatrick refused the motion for summary judgment. However, he also said (December 16, 1958, C.A.No. 21,410):

"\* \* \* If the 'statutory employer' issue were the only one in the case, the defendant would be entitled to summary judgment, since the Workmen's Compensation Act cuts off any common law action he might have against the statutory employer. However, the plaintiff has raised an issue as to which there is sharp disagreement, namely, whether the circumstances under which Andershonis performed the balance of Lipsett's work were such as to make the arrangement a novation and to terminate Lipsett's status as general contractor. Of course, it must appear that the Power Company accepted Andershonis' performance of the work in lieu of Lipsett's responsibility to do it. Otherwise, there could be no novation. Upon this point there is a genuine issue of fact and evidence must be taken in order to develop the entire nature of the relationship among Andershonis, Lipsett and the Power Company. The motion for summary judgment must, therefore, be denied."

Here, there is no hint or suggestion by affidavit or otherwise that Belanger was released from its contractual liabilities to P.T.C. and that P.T.C. agreed to look only to Hughes for the performance of the work. The fact that the entire contract was sublet to Hughes and that Belanger did no work in connection with the contract in no way relieves Belanger of its responsibility to P.T.C. Belanger, by assignment, was the general contractor. P.T.C. looked to it for the performance of the contract. Hughes had no contractual relation with P.T.C.; its contract was with Belanger, which, on the facts before us, had not been released of its obligation to P.T.C. Thus, we are squarely confronted with the Court of Appeals' holding in Girardi v. Lipsett, Inc. et al., 275 F.2d 492, 497, (C.A.3, 1960), where Judge Goodrich said:

"\* \* \* When Lipsett first moved upon P.P. & L.'s land with its men and equipment, it was obviously in physical occupancy of the land as well as in control of the operations being conducted thereon. Thereafter, it took away the equipment and called off its men. Yet it was not free from the duties of occupancy any more than it was free from the duties of control. If Andershonis broke its contract with Lipsett, either by mismanagement or repudiation, it would have been the duty of Lipsett to move in or get someone else to move in, to complete the job as promised to P.P. & L. The prime contractor remained liable to its promisee regardless of the number of subcontracts it made, unless released. In this case, it was not released.

"We think that a Pennsylvania court would say that the obligation continuing on Lipsett here with regard to the premises and its authority with regard to the work which remained to be done under the contract made with P.P. & L. gave it both 'control' and 'occupancy' within the meaning of Section 203 and made it, therefore, a 'statutory employer.' \* \* \* "

Plaintiff has pointed to certain portions of Belanger's contract with P.T.C. which indicate, in his view, that Belanger was not in control. These, for example, provided that P.T.C.'s operations were not to be interfered with, that P.T.C. was to perform certain parts of the work, and

that P.T.C. would have the right to inspect the work.

If, for example, a contract were to impose no obligation to do the work involved, but merely an obligation to provide men and equipment to be placed at an owner's disposal, then it might be said that the contractor, having no duties with regard to the work, had therefore no right of occupancy. But short of this, contractual provisions which, although limiting the complete freedom of the contractor, still obligate the contractor to get the work done, necessarily carry with them the right to do the work, to occupy and control. In our view, those contractual provisions relied on by plaintiff fall far short of relieving Belanger of his obligation to do the work.

It is true that in its answer Belanger "admits that Philadelphia Transportation Company had possession, maintenance and control of the portions of the said elevated as alleged." This is no more than an allegation of actual possession and control and is of no legal significance, since the test laid down in Girardi is right of occupancy or right of control. Indeed, in Girardi, Lipsett's (general contractor's) counsel conceded that at the time of the injury, Lipsett had no actual control or possession. The fact that P.T.C. may have had control or possession is meaningless under the Girardi test of the general contractor's continuing duty under its prime contract.

It is also true that there was a jury finding of retention of right of control by Lipsett. However, as we read Girardi, such right flows as a matter of law from the unreleased duty of performance by the principal contractor. But in any event, there was no jury finding in Girardi on the right to occupancy, notwithstanding which the Court of Appeals held

that "* * * here we have on the part of Lipsett a right to occupancy as well as a right of control * * *". This right of occupancy follows equally with the right to control when, as here, the general contractor has not been released and where the owner has not agreed to look solely to the subcontractor for performance and responsibility. Since the clause "occupied by him or under his control" must be read in the disjunctive and since at the very least Belanger had a right of occupancy, it follows that Belanger qualifies as a statutory employer, and that its motion must be granted.

This result makes it unnecessary for us to consider plaintiff's argument that at least part of his claim of liability against Belanger arises from the breach of contractual provisions and does not require control in Belanger. In Sarne v. Baltimore & Ohio R.R. Co., 370 Pa. 82, 87 A.2d 264 (1952), the court cast the plaintiff upon the horns of a legal and logical dilemma, holding that if the general contractor was in control he was a statutory employer, and that if he was not in control, there was no basis for liability in negligence. Had we concluded that Belanger was not the statutory employer, plaintiff's argument may have released him from the second horn of that dilemma. But once having concluded that Belanger is the statutory employer, the Compensation Act provides that his exclusive remedy is workmen's compensation. The Act makes no distinction between injuries arising as the result of negligence and injuries arising from breach of contractual obligations. Having concluded that no genuine issue of fact exists which would be sufficient to submit to a jury on the question of statutory employer, the motion for summary judgment as to Belanger must be granted.