William J. HAYES, Appellant,

v.

PHILADELPHIA TRANSPORTATION COMPANY, Delaware Valley Steel Fabricators, Inc., and A. Belanger & Sons, Inc.

No. 13959.

United States Court of Appeals
Third Circuit.

Argued Nov. 2, 1962.

Decided Jan. 2, 1963.

Stephen M. Feldman, Philadelphia, Pa. (Joseph G. Feldman, Philadelphia, Pa., on the brief), for appellant.

Richard J. VanRoden, Philadelphia, Pa. (John B. Hannum, Pepper, Hamilton & Scheetz, Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, STALEY and SMITH, Circuit Judges.

STALEY, Circuit Judge.

This is an appeal from a judgment of the district court granting the motion of defendant, A. Belanger & Sons, Inc., for summary judgment in an action for personal injuries brought by appellant Hayes. The judgment was based on the court's conclusions[1] that Belanger was the statutory employer of Hayes under the Pennsylvania Workmen's Compensation Act, and that appellant's sole remedy against it is pursuant to that Act. We think the record reveals issues of fact on the question of statutory employment which require reversal of the district court's judgment.

The operative facts may be summarized briefly. The Philadelphia Transportation Company (PTC) entered into a contract with Delaware Valley Steel Fabricators, Inc., for the repair of structural members of the Frankford Elevated, operated by the PTC. Subsequently, Delaware Valley Steel assigned its right, title, and interest in this contract to Belanger, which in turn subcontracted the repair work to Hughes Steel Erection Co., Inc. Thereafter, Belanger never performed any work on the premises. Hayes was employed by Hughes Steel at the time of the accident. He was welding a girder which formed part of the structural members of the elevated when an electric arc from the third rail system caused his injury. The parties stipulated the various repair contracts into the record and these, coupled with the pleadings, interrogatories, a supporting affidavit, and briefs, formed the basis for the court's judgment.

We are met at the threshold with appellant's contention that Belanger failed to properly raise the statutory employer defense prior to its motion for summary judgment. It is not clear whether this argument was presented in the district court.[2] In any event we think it without merit. The answer averred that the complaint failed to state a claim upon which relief could be granted. The motion for summary judgment was filed before the action had reached the trial stage. The district court treated the issue as joined, the parties contested it on the merits, and the decision was on the merits. Appellant makes no contention that he was prejudiced by the manner in which the defense was raised. The situation is no different than if the court had permitted an amendment of the answer pursuant to Rule 15, Fed.R. Civ.P. In these circumstances, the comment of Mr. Justice Goldberg in a recent case construing the Federal Rules seems appropriate, Foman v. Davis, 371 U.S. 178, 181 (1962), 83 S.Ct. 227:

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1."

---

1. Hayes v. Delaware Valley Steel Fabricators, Inc., 201 F.Supp. 954 (E.D.Pa., 1962).

2. Although there is nothing in the record before us to indicate that this is so, counsel for appellant stated at oral argument that the question was raised in the brief he filed with the district court.

**524**

■ The pertinent section of the Pennsylvania Workmen's Compensation Act provides:

"An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe." 77 Purdon's Pa.Stat.Ann. § 52.

The Pennsylvania courts have construed this section strictly, and have held that in order to impose its provisions upon one who is not an actual employer the element of occupancy or control of the premises is a constitutional prerequisite. D'Alessandro v. Barfield, 348 Pa. 328, 35 A.2d 412 (1944); Rich Hill Coal Co. v. Bashore, 334 Pa. 449, 7 A.2d 302 (1939).

■ The district court interpreted our holding in Girardi v. Lipsett, Inc., 275 F.2d 492 (C.A.3), cert. denied, 364 U.S. 821, 81 S.Ct. 56, 5 L.Ed.2d 50 (1960), as being dispositive of the case at bar. In Girardi, the issue was whether a principal contractor which originally had both occupancy and control of the premises but subsequently delegated its duties to another was the statutory employer of a person working for the subcontractor. We held that the phrase "occupied by him or under his control" referred to a right of occupancy or control and that because the principal contractor had a continuing right of control, it was a statutory employer. In the instant case the district court treated that decision as equating a continuing duty to perform work with a right to occupy or control the premises upon which the work is to be performed. The fallacy in this reasoning is that the appellant here disputes the fact that Belanger at any time had a right of occupancy or control. Until such a right is established the doctrine of Girardi has no application.

■ It is abundantly clear that on the record before us there is a factual dispute as to whether Belanger either actually occupied or controlled the premises or had the right to do so. Indeed, that party's answer contains an admission that " * * * Philadelphia Transportation Company had possession, maintenance and control of the portions of the said elevated as alleged." The district court viewed this as an admission only as to actual occupancy or control and not as an admission of the right to occupy or control. However, the admission of actual occupancy in the PTC cannot be construed as an averment that the right was in Belanger. At the very least such an admission created a factual issue as to who had this right. Additionally, the stipulated contract shows not only that PTC was to continue its operations while the repair work was being done, but that the work was to be prosecuted "so as to cause a minimum of interference with the operating schedule" of the PTC. As to the significance of a failure to suspend activities, see Boettger v. Babcock & Wilcox Co., 242 F.2d 455, 458 (C.A.3, 1957). All work on the track structure, including the third rail, was to be done by the PTC, and its safety rules were to be applicable to those employees in the track area. The contractor's primary duty was confined to the reinforcement of structural supports in those areas marked by the PTC with yellow paint. Under these circumstances it cannot be said that Belanger's occupancy and control of the premises is a question of law and not a genuine issue of material fact. See Boettger v. Babcock & Wilcox Co., supra.

■ A final point deserves comment. It is asserted that appellant is on the horns of a dilemma, for if Belanger was not in control of the premises there is no basis for charging it with negligence toward him. The complaint avers that Belanger breached a contractual duty in failing to provide the necessary safeguards to insure the protection of Hayes, and that this was the cause of his injury. Thus, as we said in Boettger v. Babcock & Wilcox Co., 242 F.2d at 458, "These facts, if proved, could afford a

basis of liability even though the defendant was neither the plaintiff's employer nor the person in control of the premises."

The judgment of the district court will be reversed and the cause remanded for further proceedings consistent with this opinion.