**Richard SINCOCK et al., Plaintiffs,**

**v.**

**Mabel V. ROMAN et al., Defendants.**

**Civ. A. No. 2470.**

United States District Court
D. Delaware.

Aug. 11, 1964.

See also D.C., 215 F.Supp. 169.

———◆———

Vincent A. Theisen, and Victor F. Battaglia, Wilmington, Del., for plaintiffs.

David P. Buckson, Atty. Gen., Daniel L. Herrmann, Frank O'Donnell, Wilmington, Del., Max Terry, and James H. Hughes, III, Dover, Del., for defendants.

Bruce M. Stargatt, Wilmington, Del., amicus curiae.

Before BIGGS, Circuit Judge, and WRIGHT and LAYTON, District Judges.

PER CURIAM.

The defendants have filed a motion and a supplementary motion for summary judgment pursuant to Rule 56(b), Fed. R.Civ.Proc., 28 U.S.C. They also have made an oral motion to dismiss the complaint, the plaintiffs having completed the presentation of evidence of their case in chief, on this phase of the case.

We will deny these motions. A motion for summary judgment cannot be granted unless it is clear that there is no genuine issue of material fact and all inferences must be drawn from the evidence in favor of the party against whom the motion is made. See Krieger v. Ownership Corporation, 270 F.2d 265 (3 Cir. 1959); Hayes v. Philadelphia Transportation Company, 312 F.2d 522, 523–

524 (3 Cir. 1963); Kress, Dunlap & Lane, Ltd. v. Downing, 286 F.2d 212 (3 Cir. 1960); and Bragen v. Hudson County News Company, 278 F.2d 615 (3 Cir. 1960). It appears that there is a genuine issue of material fact as to whether or not S.B. 332 and S.B. 336 have constructed districts in both the House of Representatives and the Senate of the General Assembly of Delaware as nearly of equal population as is practicable. See Reynolds v. Sims, 84 S.Ct. 1362, 12 L.Ed. 2d 506 (1964). It appears that this issue, *inter alia,* can be resolved only upon further presentation of evidence and upon further argument.

*A fortiori,* since the complaint states a cause of action and there are unresolved issues of fact, the motion to dismiss the complaint also must be denied.