**In re: Bertram ZWEIBON et al., Petitioners.**

**No. 77–1325.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 21, 1977.

Nathan Lewin, Martin D. Minsker, and Jamie S. Gorelick, Washington, D. C., were on the pleadings for petitioners.

Earl J. Silbert, U. S. Atty., and John A. Terry and Edward D. Ross, Jr., Asst. U. S. Attys., Washington, D. C., were on the pleadings for respondent.

Before WRIGHT, McGOWAN, and LEVENTHAL, Circuit Judges.

PER CURIAM:

The present case comes before this court on a petition for a writ in the nature of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651 (1970), and Rule 21, Fed. R. App. P. Petitioners, plaintiffs in *Zweibon v. Mitchell,* D. D.C. Civil Action No. 2025–71, request this court to review and order reversal of the District Court's order striking their motion for a jury trial. We find (1) that mandamus is available to remedy deprivation of the right to trial by jury, and (2) that petitioners have not waived their right to demand a jury trial on the issue of the "good faith" of the defendants.

## I. BACKGROUND

In October 1971 petitioners (hereinafter "Zweibon") filed a complaint seeking damages arising from warrantless wiretaps effected by various officials and employees of the United States Government, including the Attorney General. The wiretapping, according to Zweibon, violated both constitutional and statutory provisions, and the demand for recovery of money damages was premised on both an implied cause of action analogous to that recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and a cause of action expressly created by Title III of the Omnibus Crime Control Act of 1968, 18 U.S.C. §§ 2510–2520 (1970). The complaint did not include a demand for a jury trial.

In their answer filed July 28, 1972 the defendants (hereinafter "Mitchell") set forth several defenses, among which was a claimed unqualified immunity from civil liability for "foreign security" wiretaps undertaken by federal officials pursuant to a presidential directive. Mitchell, however, failed to expressly plead "good faith" as a defense.[1] The first mention of "good faith" as a defense occurred in Mitchell's opposition to Zweibon's motion for partial summary judgment and his cross-motion for summary judgment.[2] Zweibon responded to the issues raised in the opposition and cross-motion for summary judgment, including

---

1. Mitchell also did not raise the issue in his motion to dismiss filed December 7, 1971.

2. Zweibon's motion was filed March 9, 1973; Mitchell's opposition and cross-motion were filed April 24, 1973.

the issue of "good faith," without objecting that the issue had not been presented fairly by Mitchell's answer.[3] No demand for a jury trial was endorsed on any of the papers filed by either Zweibon or Mitchell.

Without reaching the issue of "good faith" the District Court granted Mitchell's cross-motion for summary judgment, ruling, in substance, that the wiretaps were legal and, therefore, recovery was barred. *Zweibon v. Mitchell,* 363 F.Supp. 936 (D. D. C. 1973).[4] On appeal, this court *en banc* held, *inter alia*: (1) that presidential authority to wiretap without prior judicial review did not extend to the circumstances presented by Zweibon; (2) that recovery could be premised on both constitutional and statutory grounds; (3) that a "good faith" defense could be interposed to both the statutory and constitutional causes of action;[5] and (4) that on remand the District Court should take evidence on and make the initial determination concerning this affirmative defense. *Zweibon v. Mitchell,* 170 U.S.App.D.C. 1, 14 n.18, 78 n.274, 516 F.2d 594, 607 n.18, 671 n.274 (1975) (*en banc*) (plurality opinion). The opinion of this court was filed June 23, 1975, as was the judgment of this court reversing the District Court's order of summary judgment.

Following denial of motions for rehearing *en banc,* the mandate of this court was returned to the District Court September 8, 1975.[6] Nine days later Zweibon filed a demand for a jury trial of all issues. Mitchell then moved to strike the demand. No action on the demand was taken by the District Court until a calendar call hearing on March 2, 1977, during which the demand was orally renewed by Zweibon's counsel but was stricken by order of the District Court.[7] The pending petition seeking review of this order was then filed.

## II. REVIEW ON MANDAMUS

■ In the opposition to the petition filed in behalf of respondent, Judge Pratt,[8] the Government argues that mandamus is not available to review the order of a District Court refusing a jury trial where the case presents only legal (as opposed to a combination of legal and equitable) issues. In support of this proposition respondent relies on several general principles governing interlocutory review of District Court orders and the availability of mandamus, but fails to cite a single precedent which expressly adheres to this proposition. Rather, we find that, where denial of trial by a jury is alleged to be improper, the claimed factual and legal bases for denial may be reviewed on mandamus, whether the complaint presents only issues triable at law or issues triable both at equity and at law. *Bereslavsky v. Caffey,* 161 F.2d 499 (2d Cir.), *cert. denied,* 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355 (1947)(amended complaint raised only issues triable at law; mandamus issued); *see Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 511 & n.20, 79 S.Ct. 948, 957, 3 L.Ed.2d 988 (1959) (citing *Bereslav-*

---

3. Zweibon's response to the opposition and cross-motion was filed June 4, 1973.

4. The District Court's order of summary judgment was issued July 20, 1973.

5. The "good faith" defense was defined thus: [W]e find that a good faith defense to liability, whether under the *Bivens* rationale or the statutory theory, will be established if [Mitchell] can demonstrate (1) that they had a subjective good faith belief that it was constitutional to install warrantless wiretaps under the circumstances of this case; and (2) that this belief was itself reasonable.
*Zweibon v. Mitchell,* 170 U.S.App.D.C. 1, 78, 516 F.2d 594, 671 (1975) (*en banc*) (plurality opinion).

6. As authorized by Rule 41, Fed.R.App.P., the mandate actually consisted of certified copies of the opinion and judgment.

7. A substantial portion of the lapse of 18 months was the result of a stay of proceedings pending consideration by the Supreme Court of Mitchell's petition for a writ of certiorari. The petition was denied April 19, 1976, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 187.

8. Judge Pratt, through the United States Attorney's office, has filed an opposition to the petition; Mitchell has not filed an opposition, but apparently adheres to the positions taken by the opposition filed on behalf of Judge Pratt. We will refer to Judge Pratt hereinafter as "respondent."

sky, supra, to support conclusion, "we think the right to grant mandamus to require jury trial where it has been improperly denied is settled"). We therefore conclude that this denial of a jury trial may be reviewed on a petition for a writ in the nature of mandamus.

## III. ISSUANCE OF THE WRIT

■ Whether the writ should issue, however, is a more difficult question. We start our analysis by noting that, in the context of this case, the procedural rules with which we must deal [9] relate to assertion of a right assured by the Constitution.[10] These procedural rules are not intended to diminish this right, see *Kimberly-Clark Corp. v. Kleenize Chemical Corp.*, 194 F.Supp. 876, 879 (N.D.Ga. 1961), and should be interpreted, where possible, to avoid giving effect to dubious waivers of rights. *Schaefer v. Gunzberg*, 246 F.2d 11, 15 (9th Cir.), cert. denied, 355 U.S. 831, 78 S.Ct. 45, 2 L.Ed.2d 43 (1957); 5 J. Moore, Federal Practice ¶ 38.43 at 336.2 (2d ed. 1976).

■ Under Rule 38(b) & (d), Fed. R. Civ. P.,[11] a party may demand trial by jury of any issues which are triable to a jury as a matter of right.[12] The right, however, is waived as to any issue to which a demand is not served prior to or within 10 days after service of the last pleading directed to such issue.[13] In assessing respondent's claim that the right to demand a jury trial has been waived, therefore, it is necessary to determine when the last pleading directed to the issue of "good faith" was served.[14] Respondent argues that the issue of "good faith" was first raised implicitly in Mitchell's answer filed in 1972 when the claimed unqualified official immunity was pleaded.[15] He also argues that the issue was expressly injected into the case by Mitchell's cross-motion for summary judgment and that this was recognized as such by Zweibon when he responded to this issue in his opposition to the cross-motion. In either event, respondent argues, the last pleading directed to the issue of "good faith" was served years before Zweibon's jury demand. It is on these alternative bases that he would have us hold that the right to trial by jury has been waived.

■ We conclude, however, that neither argument justifies denial of a jury trial on the issue of good faith. First, as noted in the *en banc* plurality opinion remanding this case for trial, "good faith" as therein defined is an affirmative defense. *Zweibon v. Mitchell, supra,* 170 U.S.App. D.C. at 14 n.18, 516 F.2d at 607 n.18. Under Rule 8(c), Fed. R. Civ. P., all such affirmative defenses must be expressly pleaded. Defendants have recognized that the de-

---

**9.** Rules 7, 8, 15, 38, and 39, Fed. R. Civ. P.

**10.** U.S. Const., Amend. VII.

**11.** Rule 38, Fed.R.Civ.P.:
(b) Demand.
Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. * * *
    *    *    *    *    *    *
(d) Waiver.
The failure of a party to serve a demand as required by this rule and to file it as required * * * constitutes a waiver by him of trial by jury. * * *

**12.** Respondent apparently concedes, and we expressly hold, that the complaint presents issues, including the issue of "good faith," triable at common law by a jury as a matter of right.

**13.** Rule 38(d), Fed. R. Civ. P., *supra* note 11.

**14.** Although Zweibon demanded a jury trial on all issues, only the claim to jury trial of the issue of "good faith" has been pressed in the petition; Zweibon apparently concedes that the right to jury trial of all other issues has been waived by lapse of time. Petition for Writ of Mandamus filed April 1, 1977 at 6. We therefore restrict our discussion to trial of the issue of "good faith" by a jury.

**15.** "Although the precise words 'good faith' do not appear in defendant's answer to the complaint, when that pleading is read as it is required to be read, to do 'substantial justice,' Rule 8(f), * * * it is apparent that the defense of good faith was fully and adequately raised in the answer." Respondent's Memorandum at 15.

fense which they did expressly plead in their complaint—unqualified official immunity from civil liability—differs conceptually from their "good faith" defense.[16] *See* Cross-Motion for Summary Judgment filed April 24, 1973, App. 31–38, 39–46. Waiver of the right to a jury trial on an affirmative defense should not be presumed where the defendant has failed to expressly plead the defense in accordance with the rule. *See* 5 J. Moore, *supra*, ¶ 38.43 at 336.2. Contrary to respondent's position, therefore, the affirmative defense of "good faith" was not fully and adequately raised in Mitchell's answer for purposes of Rule 38(b) & (d).

Second, neither Mitchell's cross-motion for summary judgment nor Zweibon's opposition to the cross-motion constitute pleadings which would trigger the 10-day period for demanding trial by jury of any new issues raised therein. *See Molinaro v. Watkins-Johnson CEI Division,* 359 F.Supp. 467 (D.Md.1973) (opposition to summary judgment held not "pleading directed at the issue" for purposes of Rule 38); Rule 7(a), Fed. R. Civ. P.[17] (indicating motions for summary judgment are not included in

definition of "pleading"); *cf. Dasho v. Susquehanna Corp.,* 461 F.2d 11, 21–23 (7th Cir.), *cert. denied,* 408 U.S. 925, 92 S.Ct. 2496, 33 L.Ed.2d 336 (1972).

Insofar as these Rules impose time barriers, their warning signals must be read in terms of the Rules' own definitions and underlying concepts; in these terms the Rules clearly distinguish between a "pleading" and a motion, and a time limit based on a "pleading" does not fairly alert counsel that time runs from the filing of a motion. In terms of the purpose of Rule 38(a), it is meaningful to require a demand for jury trial promptly after the last pleading contemplating a trial, while it is not meaningful to provide that procedures as to how the trial shall be conducted shall be triggered by a motion that seeks a disposition of the controversy without any trial.[18]

Nevertheless, the issue of "good faith" is now before the District Court because under Rule 15, Fed. R. Civ. P.[19] the pleadings are properly treated as amended pursuant to this court's opinion and judgment of reversal to include this issue.[20] Such an

---

**16.** The unqualified immunity defense involves only application of legal principles to issues properly resolved by the court; "good faith," however, involves mixed questions of law and fact, some of which are triable by a jury.

**17.** Rule 7, Fed. R. Civ. P.:
    (a) Pleadings.
      There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed,* except that the court may order a reply to an answer or a third-party answer.
    (Emphasis added.)

**18.** We have no occasion to consider whether an order *denying* a motion for summary judgment may conceivably be so structured as to be tantamount to an amendment of one of the pleadings permitted by Rule 7(a).

**19.** Rule 15(b), Fed. R. Civ. P.:
    (b) Amendments to conform to the evidence.
      When issues not raised by the pleadings are tried by express or implied consent of the parties' they shall be treated in all respects as

if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * *

**20.** Rule 15, *supra* note 19, establishes the procedure by which pleadings may be amended to include issues not previously included where these issues are presented to the trial court by express or implied consent of the parties. The rule contemplates that under normal circumstances the trial court's judgment effectuates the amendment. However, it is now settled that the process of amendment may be *initiated* by presentation of an issue for the first time in a motion for summary judgment. *Hayes v. Philadelphia Transportation Corp.,* 312 F.2d 522 (3d Cir. 1963); *Seaboard Terminals Corp. v. Standard Oil Co.,* 104 F.2d 659 (2d Cir. 1939); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2722 at 477 n. 22 (1973). Where the issue thus presented is not reached by the District Court but is passed on by the appellate court, the pleadings should be treated as effectively amended by the judgment on appeal. *See* 5 J. Moore, Federal Practice ¶ 38.39[2] at 322 (2d ed. 1976) ("the grant of a new trial * *

amendment of the pleadings, through which an issue is raised for the first time, triggers the 10-day period for demand of trial by jury of that issue. *See Land v. Roper Corp.,* 531 F.2d 445, 450 (10th Cir. 1976); *Hostrop v. Board of Trustees of College Dist. No. 515,* 523 F.2d 569, 580 (7th Cir. 1975), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976); 5 J. Moore *supra,* ¶ 38.39[2] at 322. Therefore, the timeliness of Zweibon's jury demand should be measured from the effective date of this court's judgment by which the pleadings were amended, namely the date of the return of this court's mandate to the District Court. Since Zweibon's demand was filed within 10 days following return of the mandate, it constituted a timely exercise of the right to trial by jury of the "good faith" issue and should not have been struck.

## IV. CONCLUSION

In view of the above, we assume that on remand the District Court will provide Zweibon with a jury trial of the factual issues relating to the affirmative defense of "good faith" as defined by this court in its *en banc* decision in *Zweibon v. Mitchell, supra.* Thus it is unnecessary to issue the writ of mandamus at this time.

*Remanded.*

by an appellate court does not give rise to the right to demand a jury, except as to new issues that may be introduced by amendment of the

pleadings pursuant to  *  *  *  the appellate court's mandate.") (footnote omitted).