OPINION
Plaintiff-Appellants, Tammy Sturgill and the Estate of Edgar Goddard, deceased ("Appellants"), appeal from a judgment issued by the Marion County Common Pleas Court granting summary judgment in favor of Defendant-Appellees, Patsy A. Worcester, administratrix of the estate of Cory A. Worcester, Affirmative Insurance Company, and Anthem Casualty Insurance Company.
On May 10, 1995, Edgar Goddard ("Goddard") was the passenger in a vehicle operated by Cory A. Worcester ("Worcester") when they were involved in an automobile accident allegedly caused by Worcester's negligence. Goddard suffered injuries resulting in his death. Upon Goddard's death, his daughter, Tammy Sturgill ("Sturgill"), was named executrix of his estate.
At the time of the accident, Sturgill was the named insured under an automobile insurance policy issued by Affirmative Insurance Company, a subsidiary of the Anthem Insurance Company (collectively "Appellees"), with underinsured motorist ("UIM") coverage limits of $12,500 per-person and $25,000 per accident. Because Worcester was uninsured at the time of the accident, Appellants sought recovery of the full $25,000 per-accident limit under the aforementioned UIM coverage. Appellees claimed that R.C. 3937.18 and the policy's language entitled them to consolidate all claims made by the Estate and Sturgill into a single claim subject to the $12,500 per-person coverage limit.
Appellants moved for summary judgment, attacking the constitutionality of R.C. 3937.18(H). Appellants asserted that by allowing insurance companies to limit recovery to a single claim at the per-person limit of liability policies the statute created an unconstitutional limit on tort damages in contravention of Article I, Section 19a of the Ohio Constitution. Appellees submitted a competing motion for summary judgment, attaching a memorandum in opposition arguing the constitutionality of R.C. 3937.18(H). After continued briefing, the trial court summarily denied Appellants' motion and granted summary judgment in Appellees' favor. Appellants appealed to this Court. Upon review, we found that the trial court's entry merely sustained the motion and dismissed the appeal for lack of a final appealable order.
After the appeal, Appellants took the opportunity to file a second motion for summary judgment, reasserting their constitutional challenge to R.C. 3937.18(H). Appellants served the Attorney General with a copy of the motion via regular mail. The Attorney General responded thereto and, though faced with a motion directly challenging the statute, elected not to participate in the action at that time but reserved the right to participate and requested that notice be given when any constitutional issues became "ripe." Appellees responded to Appellants' motion arguing, first, that the matter had already been decided and should not be before the court and, second, that the statute was constitutional. Appellees subsequently moved the court for summary judgment.
On February 10, 2000, after significant additional briefing from Appellees and Appellants, the court denied Appellants' second summary judgment motion, citing authority upholding the constitutionality of R.C. 3937.18(H). Appellants subsequently moved the court to amend their complaint to add the constitutional challenge and to name the Attorney General as a party-defendant. Appellees and the Attorney General submitted memoranda contra. The Attorney General did not contest the amendment of the complaint to include the challenge, asserting only that she need not be joined as a party-defendant to the action. Thereafter, the trial court denied the motion to amend and entered final judgment for Appellants at the $12,500 per-person limit of the subject liability policy. This appeal followed.
Appellants present two assignments of error for our consideration. Because we find the resolution of Appellants' second assignment of error to be dispositive of their first assignment of error, we have elected to address the assigned errors out of the order in which they were presented.
 Assignment of Error Number One R.C. 3937.18(H) is unconstitutional pursuant to Article I, Section 19aof the Ohio Constitution since it limits contract damages of wrongfuldeath beneficiaries by law.
 Assignment of Error Number Two The court below abused its discretion in denying the Plaintiffs' motionto amend their complaint to add the Attorney General of Ohio as a partyDefendant.
The preliminary issue before us is whether Appellants satisfied the jurisdictional prerequisites of former R.C. 2721.12 to permit the trial court and this Court to entertain a constitutional challenge against R.C.3937.18(H). Former R.C. 2721.12, applicable at times relevant herein, provided:
When declaratory relief is sought, all persons shall be madeparties who have or claim any interest which would be affected by thedeclaration. No declaration shall prejudice the rights of persons notparties to the proceeding. In any proceeding which involves the validityof a municipal ordinance or franchise, the municipal corporation shall bemade a party and shall be heard, and if any statute or the ordinance orfranchise is alleged to be unconstitutional, the attorney general shallalso be served with a copy of the proceeding and shall be heard. In anyproceeding which involves the validity of a township resolution, thetownship shall be made a party and shall be heard.[1]
Although the former version of R.C. 2721.12 required that the Attorney General be served with "a copy of the proceeding," in Cicco v.Stockmaster,[2] the Ohio Supreme Court interpreted the provision to require that a party contesting the constitutionality of a statute assert their claim in a complaint or other initial pleading, or in an amended complaint or an amended pleading.[3] In addition, the party must also serve the Attorney General "with a copy of the proceeding" that raises the constitutional issue in accordance with Civ.R. 4.1, i.e., by certified mail.[4] If the party fails to fully comply with these requirements, a court lacks jurisdiction to hear the constitutional challenge.[5] Contrary to Appellants' assertions, however, the Attorney General need not be made a party-defendant.[6]
As outlined above, Appellants reasserted their constitutional challenge in their second summary judgment motion but served the Attorney General by ordinary mail and failed to amend their complaint. Therefore, Appellants failed to comply with the requirements of R.C. 2721.12. Although the Attorney General had received notice and elected not to participate and the trial court had cited authority upholding the constitutionality of R.C. 3937.18(H) in denying the motion,[7] the court lacked jurisdiction to consider the constitutional challenge. Having failed to properly invoke the trial court's jurisdiction, Appellants sought to correct their mistakes and, in an attempt to comply with the then-recent pronouncement of Cicco, moved the trial court to allow an amendment of their complaint to include the constitutional challenge. For their second assignment of error, Appellants assert that the trial court abused its discretion in denying the motion.
The action for which Appellants complain is, in substance, the result of the trial judge's refusal to amend the pleadings to conform with the evidence pursuant to Civ.R. 15(B). Civ.R. 15(B) provides, in pertinent part:
When issues not raised by the pleadings are tried by express orimplied consent of the parties, they shall be treated in all respects asif they had been raised in the pleadings. Such amendment of thepleadings as may be necessary to cause them to conform to the evidenceand to raise these issues may be made upon motion of any party at anytime, even after judgment.
The standard for appellate review of Civ.R. 15(B) matters is abuse of discretion.[8] An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable.[9] We are mindful, however, of the rule's mandate that courts shall freely allow the amendment of pleadings "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."[10] Staff notes to Civ.R. 15(B) provide that "[i]f the opposing party does not raise an objection to the introduction of evidence outside of the pleadings and continues on the merits, the evidence is treated as if it had been raised by the pleadings whether the pleadings are amended to include such evidence or not."[11] The Ohio Supreme Court has indicated that in order to justify the exclusion of evidence on the basis of prejudice under Civ.R. 15(B), the objecting party must satisfy the court that admission of such evidence will put him at a serious disadvantage in presenting his case.[12] In the event an objecting party is not prepared for evidence offered outside the pleadings, the court may still allow an amendment under Civ.R. 15(B) and grant a continuance to enable the opposing party to meet the new evidence.[13]
Here, Appellants raised the constitutional issues for the first time in a motion for summary judgment. While the Attorney General is not required to participate and may elect otherwise, the Cicco Court found that "the General Assembly intended that the Attorney General have a reasonable amount of time in which to evaluate the issues and determine whether to participate in the case[,]" holding that "[n]otification at the summary judgment stage provides inadequate time for evaluation and response (usually fourteen days instead of twenty-eight days), and participation may be limited if pretrial discovery has already occurred."[14] The Cicco Court did not, however, hold that constitutional challenges could never be raised after the complaint or other initial pleading, stating:
If the constitutionality of the statute arises at a point later in theproceedings, the party seeking such a declaration must amend thecomplaint (or other initial pleading) to properly plead the claim andidentify all interested parties.
Moreover, in Leisure v. State Farm Mutual Automobile Ins. Co.[15]
the appellees failed to serve the Attorney General with a copy of their compliant until after the trial court had rendered default judgment and conducted a hearing on damages. Further, it was not until after the appellees filed their notice of appeal that they received notice from the Attorney General that she did not intend to participate in the litigation. Upon review, the Supreme Court remanded the cause to the trial court with instructions to permit the plaintiff to rectify their failure to timely and properly serve the Attorney General in accordance with R.C. 2721.12 and Cicco.[16]
Accordingly, we have authority under Leisure to remand this cause to allow Appellants to comply with the requirements of R.C. 2721.12.[17]
Under Civ.R. 15(B) analysis, Appellants provided Appellees and the trial court with sufficient notice of and opportunity to address the constitutional issue. Though they failed to comply with the technical requirements of R.C. 2727.12, the Attorney General received notice of the challenge, was permitted thirty days to respond, elected not to participate in the proceedings, and did not object to the amendment of the pleadings to include the challenge. Furthermore, Appellees did not object to the constitutional challenge in responding to Appellants' initial motion, arguing at length the merits of the issue. In light of the extensive pleadings regarding the issue and lack of objections thereto, we fail to see how an amendment of the pleadings to reflect the admission of such evidence would put the Appellants or the Attorney General at a serious disadvantage in the proceedings and find that the trial court abused its discretion in refusing to allow Appellants to amend their pleadings. Therefore, we remand this cause with instructions to allow Appellants the opportunity to rectify their failure by amending their complaint to include the constitutional challenge and properly serving the Attorney General, as required by R.C. 2721.12.
Accordingly, Appellants' second assignment of error is sustained.
Having found error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
BRYANT, J., concurs.
[1] 144 Ohio Laws, Part II, 2902, 2930.
[2] Cicco v. Stockmaster (2000), 89 Ohio St.3d 95.
[3] Id. at 99.
[4] Id.
[5] Id. at 100; George Shima Buick, Inc. v. Ferencak (2001),91 Ohio St.3d 1211; Harmon v. Adams (February 16, 2001) Union App. No. 14-2000-33, unreported.
[6] Cicco, 89 Ohio St.3d at 99; Ohioans for Fair Representation, Inc.v. Taft (1993), 67 Ohio St.3d 180, at paragraph one of syllabus.
[7] See, e.g., Wallace v. Balint (2002), 94 Ohio St.3d 182, 188; Smithv. Mancino (1997), 119 Ohio App.3d 418, dismissed, appeal not allowed by79 Ohio St.3d 1505; Webb v. Progressive Ins. Co. (Nov. 1, 2001), Franklin App. No. 01AP-534, unreported, appeal not allowed by 94 Ohio St.3d 1454;Nichman v. Nationwide Mut. Fire Ins. Co. (Jan. 17, 2001), Lorain App. No. 99CA007506, unreported; Maletz v. State Auto. Mut. Ins. Co. (Nov. 8, 2000), Medina App. No. 2991-M, unreported; Michael v. Reliance Natl.Ins. Co. (June 8, 2000), Franklin App. No. 99AP-1002, unreported; Dermerv. Wayne (Apr. 4, 2000), Fairfield App. No. 99CA0064, unreported, dismissed, appeal not allowed by 89 Ohio St.3d 1451; Ackerman v. StateFarm Mut. Auto Ins. Co. (Dec. 10, 1999), Hamilton App. No. C-990332, unreported, appeal not allowed by 88 Ohio St.3d 1486; Berry v.Przyborowski (Nov. 19, 1999), Miami App. No. 99-CA-21, unreported, dismissed, appeal not allowed by 88 Ohio St.3d 1435, reconsideration denied by 88 Ohio St.3d 1490; Carrier v. State Farm Mutual AutomobileIns. Co. (Sept. 16, 1999), Franklin App. No. 98AP-1291, unreported; Plottv. Colonial Ins. Co. (1998), 126 Ohio App.3d 416; Stickney v. State FarmMut. Auto. Ins. Co. (October 19, 1998), Richland App. No 98CA7, unreported; Jones v. Speelman (August 31, 1998), Stark App. No. 1998CA00093, unreported.
[8] Spisak v. McDole (1984), 15 Ohio St.3d 62, 63; State ex rel. Evansv. Bainbridge Twp. Trustees (1983), 5 Ohio St.3d 41, paragraph three of the syllabus.
[9] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
[10] Civ.R. 15(B).
[11] Id.
[12] Hall v. Bunn (1984) 11 Ohio St.3d 118, 122; see, also, Cicco,89 Ohio St.3d at 106-109 (Cook, J., dissenting), citing Swinney v. Gen.Motors Corp. (C.A.6, 1995), 46 F.3d 512, 522; Austintown Local SchoolDist. Bd. of Edn. v. Mahoning Cty. Bd. of Mental Retardation Developmental Disabilities (1993), 66 Ohio St.3d 355, 365; In reZweibon (C.A.D.C. 1977), 565 F.2d 742, 748, 184 U.S.App.D.C. 167, 173, fn. 20, citing Hayes v. Philadelphia Transp. Corp. (C.A.3, 1963),312 F.2d 522; and Wright Miller, Federal Practice and Procedure (1973) 477, Section 2722, fn. 22 ("It is now settled that the process of amendment may be initiated by presentation of an issue for the first time in a motion for summary judgment.").
[13] Hall, 11 Ohio St.3d at 122; Civ.R. 15(B).
[14] Cicco, 89 Ohio St.3d at 99.
[15] Leisure v. State Farm Mut. Auto. Ins. Co. (Aug. 31, 1998), Stark App. Nos. 1997CA00417, 1998CA00001, unreported, affirmed in part by, 89 Ohio St.3d 110, decision clarified on reconsideration by, 89 Ohio St.3d 523.
[16] Id., 89 Ohio St.3d at 523.
[17] In re Adoption of Coppersmith (2001), 145 Ohio App.3d 14,148.