**[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 95.]**

CICCO ET AL., APPELLANTS, *v*. STOCKMASTER ET AL.; COLONIAL INSURANCE

COMPANY OF CALIFORNIA ET AL., APPELLEES.

**[Cite as *Cicco v. Stockmaster*, 2000-Ohio-434.]**

*Declaratory judgments—Parties—Party challenging constitutionality of a statute*
*must assert the claim in the complaint and must serve the pleading upon the*
*Attorney General in accordance with the methods set forth in Civ.R. 41 in*
*order to vest a trial court with jurisdiction under former R.C. 2721.12.*

A party who is challenging the constitutionality of a statute must assert the claim
in the complaint (or other initial pleading) or an amendment thereto, and
must serve the pleading upon the Attorney General in accordance with
methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction
under former R.C. 2721.12.

(No. 99-85—Submitted November 16, 1999—Decided June 7, 2000.)

APPEAL from the Court of Appeals for Huron County, No. H-98-16.

————————————

{¶ 1} On November 22, 1996, appellant Richard Cicco was injured in a
motor vehicle accident allegedly caused by Benjamin Stockmaster. At the time of
the accident, Cicco had an insurance policy with uninsured/underinsured motorist
coverage ("UM/UIM") of $25,000 per person and $50,000 per accident issued by
appellee Colonial Insurance Company of California ("Colonial"). Stockmaster had
liability insurance issued by appellee Grange Mutual Casualty Company
("Grange") with limits of $25,000 per person and $50,000 per accident.

{¶ 2} Cicco and his wife, Barbara, filed an action against Stockmaster,
seeking compensatory damages for personal injuries and loss of consortium. The
Ciccos subsequently amended their complaint to add a claim against their insurer,

Colonial, for UM/UIM coverage. They contended that they were each entitled to the per-person limits of their UM/UIM coverage.

{¶ 3} Stockmaster's insurer, Grange, paid the per-person policy limits in settlement of Mr. Cicco's claims against Stockmaster. Thereafter, the Ciccos filed a second amended complaint that added a claim against Grange for Barbara's loss of consortium, contending that she was entitled to the per-person liability coverage. Contemporaneously, the Ciccos also filed a motion for summary judgment against both Colonial and Grange. The Ciccos sought judgment in their favor and against Grange for Barbara Cicco's loss-of-consortium claim, or, in the alternative, if she was not entitled to coverage under the Grange policy, then judgment for UM/UIM coverage from Colonial. The Ciccos also requested a declaration that they had UM/UIM coverage through Colonial over and above the liability insurance limits available to them from Grange. In their motion, the Ciccos raised, for the first time, the issue of the unconstitutionality of R.C. 3937.44 and 3937.18(A)(2) and (H) as enacted by Am.Sub.S.B. No. 20, 145 Ohio Laws, Part I, 204, 210, 214 ("Senate Bill 20"). The certificate of service on the Ciccos' motion for summary judgment indicated that counsel had served a copy of the motion by ordinary mail upon "Bette [*sic*] Montgomery, Ohio Attorney General, State Office Tower, 30 East Broad Street, Columbus, Ohio 43266-0410."

{¶ 4} Grange and Colonial also moved for summary judgment. The trial court denied the Ciccos' motion and awarded summary judgment to Grange and Colonial. The court ruled that R.C. 3937.44 and 3937.18(A)(2) and (H) were constitutional and concluded that the language in the Grange and Colonial policies was not ambiguous. Therefore, the policies were enforceable. As a result, Barbara Cicco was not entitled to recovery under the per-person limits of the liability portion of the Grange policy, and the Ciccos were not entitled to UM/UIM coverage from Colonial.

{¶ 5} The Ciccos appealed. They mailed a copy of the notice of appeal to the Attorney General of Ohio at the same address as they had sent their motion for summary judgment. An Assistant Attorney General filed a notice of reservation of rights and appearance in the appellate case, but elected not to participate at that time.

{¶ 6} The court of appeals held that the trial court had lacked jurisdiction to consider the constitutional issues because the Ciccos had not properly served the Attorney General in accordance with R.C. 2721.12. Therefore, the appellate court vacated that part of the judgment below that addressed the constitutionality of R.C. 3937.44 and 3937.18(A)(2) and (H). The court of appeals affirmed the remainder of the judgment.

{¶ 7} This cause is now before this court upon the allowance of a discretionary appeal on Propositions of Law Nos. I and II only.[1]

_____

*Murray & Murray*, *W. Patrick Murray* and *William H. Bartle,* for appellants.

*Flynn, Py & Kruse, L.P.A.,* and *James W. Hart,* for appellee Colonial Insurance Company of California.

*James L. Schuller,* for appellee Grange Mutual Casualty Company.

*Betty D. Montgomery*, Attorney General, and *Sharon A. Jennings*, Assistant Attorney General, urging affirmance for *amicus curiae*, Ohio Attorney General.

_____

---

1. The court declined to accept jurisdiction of Propositions of Law Nos. III and IV, which addressed the constitutionality of R.C. 3937.18(A)(2) and the interpretation of the uninsured motorist language of the insurance policy at issue.

**LUNDBERG STRATTON, J.**

{¶ 8} The issue before us is what constitutes proper service upon the Attorney General for purposes of former R.C. 2721.12 in a declaratory judgment action challenging the constitutionality of a statute, ordinance, or franchise. For the reasons more fully set forth below, we hold that a party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading) or an amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction under R.C. 2721.12.

{¶ 9} Former R.C. 2721.12 stated:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. In any proceeding which involves the validity of a township resolution, the township shall be made a party and shall be heard." 144 Ohio Laws, Part II, 2902, 2930.

{¶ 10} Effective September 24, 1999, the statute was amended to require that the Attorney General be served with a copy of the complaint in the action or proceeding in which a statute, ordinance, or franchise is alleged to be unconstitutional.[2] Although the former version of R.C. 2721.12 required serving

---

2. R.C. 2721.12, as amended, states:

"(A) Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding. In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if

the Attorney General with "a copy of the proceeding," the amended version of the statute expressly requires service of the "complaint."

{¶ 11} The Ciccos did not raise any constitutional issues in their complaint or two amended complaints but, rather, asserted their constitutional challenges in their motion for summary judgment. They sent a copy of their motion for summary judgment to the Attorney General by ordinary mail. The Ciccos contend that because their motion, not their complaint or amended complaints, raised the constitutional issues, service of the motion for summary judgment constituted service of "a copy of the proceedings" in accordance with former R.C. 2721.12. They argue that the Attorney General was in fact notified of the constitutional issues being addressed because she eventually filed an appearance in the case at the appellate level. Therefore, claim the Ciccos, the statute's intent, to inform the Attorney General of attacks on the constitutionality of the laws of this state, was met.

{¶ 12} Grange and Colonial contend that the Ciccos should have asserted their constitutional challenge in their complaint or amended complaints and should have served the Attorney General with a copy of the complaint or amended complaints in the same manner and at the same time as defendants are served. They claim that failure to do so circumvents the mandatory jurisdictional requirements of R.C. 2721.12.

{¶ 13} R.C. 2721.12 applies to actions where a petitioning party asks the court to declare the rights, status, or other legal relations of the parties. It specifies who must be notified and given an opportunity to participate. The statute requires that all interested persons who would be affected by the declaration *be made parties* to the action. The statute specifically requires that a municipality or township be

---

any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard. In any action or proceeding that involves the validity of a township resolution, the township shall be made a party and shall be heard." 1999 S.B. No. 58.

made a party when the validity of a local ordinance or franchise is challenged. Between references to a municipality and a township, the statute specifically identifies the Attorney General as an interested person in cases where the constitutionality of a statute is challenged. Therefore, the context of the former statute implied that R.C. 2721.12 was intended to apply at the inception of a case, at the initial pleading stage, when interested persons are identified and made parties, if necessary. This interpretation is reinforced by the language of the amended statute that mandates service of the *complaint* upon the Attorney General.

**{¶ 14}** Therefore, under the former version of R.C. 2721.12, a petitioning party seeking a court declaration that a statute is unconstitutional must assert the claim in a complaint or other initial pleading, or an amended complaint or amended initial pleading. The issue is not properly put before a court in a motion for summary judgment. If the constitutionality of a statute arises at a point later in the proceeding, the party seeking such a declaration must amend the complaint (or other initial pleading) to properly plead the claim and identify all interested parties.

**{¶ 15}** Although the statute does not require that the Attorney General be made a *party* to the action, former R.C. 2721.12 requires a party seeking a declaration that a statute is unconstitutional to *serve* the Attorney General "with a copy of the proceeding" that raises the constitutional issue. Because the provisions of R.C. 2721.12 are to be applied at the inception of a proceeding, it follows that the Attorney General must be served in the same manner as those persons whom the statute requires to be made parties, *i.e.*, by the methods of service in Civ.R. 4.1. The word "proceeding" in the former version of the statute refers to the beginning of the action or the initial pleading stage in which the constitutional challenge is raised. Once the Attorney General is served pursuant to Civ.R. 4.1, then ordinary mail service is sufficient to serve the Attorney General with subsequent pleadings. However, service by ordinary mail as described in Civ.R. 5 applies only to pleadings and other papers served upon parties or counsel subsequent to service of

6

the original complaint and may not be used to *initially* notify the Attorney General of the proceeding, as done by the Ciccos.

**{¶ 16}** We believe that by requiring that the Attorney General be served at the inception of the action, or when a constitutional challenge is initially pleaded, the General Assembly intended that the Attorney General have a reasonable amount of time in which to evaluate the issues and determine whether to participate in the case. If the Attorney General elects to participate, then the Attorney General has time to prepare a response to the complaint, make an appearance, and be involved throughout the rest of the case. Notification at the summary judgment stage provides inadequate time for evaluation and response (usually fourteen days instead of twenty-eight days), and participation may be limited if pretrial discovery has already occurred. Service by methods in Civ.R. 4.1 also ensures reliability of notice and will provide a record that service was accomplished, including the manner and date of service.

**{¶ 17}** This interpretation comports with the amended version of R.C. 2721.12 and our previous holdings that R.C. 2721.12 is mandatory and jurisdictional in nature. *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 105, 6 O.O.3d 329, 330, 370 N.E.2d 457, 458. A court lacks jurisdiction to render declaratory relief if the requirements in R.C. 2721.12 are not met. *Id.* Therefore, former R.C. 2721.12 applies at the inception of the declaratory judgment action, when the necessary persons or entities are made parties, as the amended version of the statute does. When the Attorney General does not receive notice until after the trial court has rendered judgment or the case has been appealed, the party who is challenging a statute's constitutionality has failed to meet the mandates of R.C. 2721.12.

**{¶ 18}** The Ciccos contend that, according to *Ohioans for Fair Representation, Inc. v. Taft* (1993), 67 Ohio St.3d 180, 616 N.E.2d 905, they satisfied the intent of R.C. 2721.12 when they mailed a copy of their motion for

summary judgment to the Attorney General. The party seeking relief in *Taft* sought a declaration that certain statutes did not apply to lobbying and petitioning activities of a political action committee. The petitioning party also sought, in the alternative, a declaration that if the statutes did prohibit its activities, those statutes were unconstitutional. The Attorney General represented the defendants in the case, then Secretary of State Bob Taft and the Ohio Elections Commission.

{¶ 19} Although the petitioning party in *Taft* did not separately serve the Attorney General with a copy of its complaint, we nevertheless held that the trial court did have jurisdiction. We reasoned that the trial court had limited its declaration to the application of the statutes and it did not reach the constitutional question. In addition, because the Attorney General had been intimately involved throughout the case since the complaint stage as *counsel* for defendants, the intent of R.C. 2721.12 had clearly been met because the Attorney General had actual notice of the constitutional challenge since the inception of the case.

{¶ 20} Here, the Ciccos improperly raised the constitutional issues for the first time in a motion for summary judgment and improperly served the Attorney General. The issues should have been specifically pleaded in their amended or second amended complaints. As a result, the trial court lacked jurisdiction to decide the constitutional question.

{¶ 21} Therefore, the Ciccos failed to invoke the jurisdiction of the trial court to hear their constitutional challenges to R.C. 3937.44 and 3937.18(H). Consequently, appellants' second proposition of law addressing the constitutionality of R.C. 3937.44 and 3937.18(H) is not properly before this court. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., NADER and F.E. SWEENEY, JJ., concur.

DOUGLAS, PFEIFER and COOK, JJ., dissent.

ROBERT A. NADER, J., of the Eleventh Appellate District, sitting for RESNICK, J.

_____

**DOUGLAS, J., dissenting.**

{¶ 22} I respectfully dissent. In doing so I agree substantially with Justice Cook's well-reasoned dissent. I write further to make four additional points.

{¶ 23} With regard to whether the Attorney General received (was "served" with) a copy of the Ciccos' motion for summary judgment, wherein the constitutional issue was first raised, the introduction of the *amicus* brief of the Attorney General states that "the Attorney General did not receive notice of the constitutional challenge until the case was pending in the court of appeals * * *." However, in the statement of facts of the brief, that denial seems to be made less absolute when the Attorney General says, "There is *no evidence in the record or otherwise* that this pleading ever reached the office of the Attorney General." (Emphasis added.)

{¶ 24} In fact, plaintiffs' motion for summary judgment included a certification that the motion had been served on the Attorney General. From the timing of this notice, the court of appeals concluded that "it would appear that the Attorney General had a reasonable amount of time in which to determine whether the state required representation in this proceeding." This conclusion was not appealed or challenged by the Attorney General even though the Attorney General was fully aware of the case in the court of appeals, as evidenced by the filing of "Notice of Reservation of Rights and Appearance by Attorney General Betty D. Montgomery" in the Court of Appeals for Huron County. Further, the first paragraph of that filing of the Attorney General states that "[p]ursuant to Ohio R.C. § 2721.12, the Office of the Attorney General has received notice of a constitutional challenge to portions of Ohio S.B. 20 in this action. *Having read and examined the pleadings,* the Attorney General has elected not to participate as a party at this

time." (Emphasis added.) If the purpose of R.C. 2721.12 is to give notice to the Attorney General so she may be heard when the constitutionality of a statute is being questioned, it would seem, by her own statement, that the purpose of the statute had been met.

{¶ 25} Second, the decision of the majority in the instant matter cannot be reconciled with our decision in *Ohioans for Fair Representation, Inc. v. Taft* (1993), 67 Ohio St.3d 180, 616 N.E.2d 905. In *Taft*, we held at paragraph two of the syllabus that "[f]or purposes of R.C. 2721.12, the Attorney General will be deemed to have been 'served with a copy of the proceeding' once he undertakes representation of a party to the action." However, a plain reading of the syllabus herein, with its language requiring a restrictive method of service, leaves no possibility for the Attorney General to be "deemed" to have been served. The majority apparently recognizes the conflict and attempts to distinguish *Taft* from the instant matter. In so doing, the majority adds to the confusion by seemingly leaving the proverbial jurisdictional door slightly ajar in those instances where the Attorney General was *not* served with a copy of the complaint but "had actual notice of the constitutional challenge since the inception of the case." Nevertheless, and in any event, the majority's analysis of this issue does not overcome the inherent contradiction between its holding and this court's decision in *Taft*, and its attempt at distinguishing the two falls woefully short of resolving any confusion surely to result.

{¶ 26} Moreover, there is other language in *Taft* that conflicts with the majority's pronouncement that a challenge to the constitutionality of a statute may be raised only in the "complaint (or other initial pleading) or an amendment thereto." In the trial court, the appellant in *Taft* had sought, among other relief, a request for declaratory judgment and an alternative request for declaratory judgment. In support thereof, appellant submitted a motion for summary

judgment.[3]   On appeal, we noted with respect to appellant's first request for declaratory relief that "[s]ince the constitutionality of the statute was not raised in these claims, no service [of the motion for summary judgment] was required on the Attorney General" to confer jurisdiction on the trial court.  *Taft*, 67 Ohio St.3d at 183, 616 N.E.2d at 908.  We further noted that because appellant had, alternatively, sought a declaration in its motion for summary judgment that the statutes in question were unconstitutional, "[s]ervice of a copy of the proceeding [for summary judgment] on the Attorney General would be required before a court would have jurisdiction to make such declarations."  *Id.*

{¶ 27} In fact, Justice F.E. Sweeney expressed a similar sentiment, albeit in dissent, when he indicated in *Taft* that challenges to the constitutionality of a statute are not limited solely to the complaint or other initial pleadings but may instead arise at other points in the action.  As Justice Sweeney pointed out, "*whenever* a statute is alleged to be unconstitutional in a declaratory judgment action, the Attorney General shall be served with a copy of the *proceeding*.  * * * Thus, since the constitutionality of the statutes was contested in appellant's complaint, the failure to serve the Attorney General with a copy of the complaint deprives the court of jurisdiction to render an enforceable declaratory judgment."  (Emphasis added.)  *Id.* at 184, 616 N.E.2d at 908 (F.E. Sweeney, J., dissenting).  In other words, because, in *Taft*, the constitutionality of the statutes was originally contested in appellant's complaint, Justice Sweeney aptly noted that the failure to serve that

---

3.  According to the majority opinion in *Taft*, the appellant initially filed a complaint in the trial court, seeking, among other relief, a declaration that the statutes in question did not apply to its lobbying and petitioning activities.  Also in its complaint, the appellant sought, in the alternative, a declaration that if any statutes prohibit appellant's activities, those statutes are unconstitutional. *Taft*, 67 Ohio St.3d at 181, 616 N.E.2d at 906.  Thereafter, appellant filed a motion for summary judgment, and, by the *Taft* majority's account, reframed its request for declaratory judgment.  The motion for summary judgment still contained the alternative request for declaratory relief that the relevant statutes were unconstitutional. *Id.*

pleading on the Attorney General deprived the court of jurisdiction to entertain the action for declaratory judgment.

{¶ 28} Third, the majority contends that a recent revision to R.C. 2721.12, now R.C. 2721.12(A), that occurred well after the relevant actions that gave rise to this matter, offers further justification for its decision. R.C. 2721.12(A) provides that "[i]n any action *or* proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint *or* proceeding and shall be heard." (Emphasis added.) While I believe the majority's reliance on the amended version of R.C. 2721.12 to be highly improper, even if the reliance were justified, a closer reading of the revised section lends little support for the majority's position.

{¶ 29} I do not subscribe to the majority's interpretation that the current version of the statute requires service of the complaint in all instances. The majority can arrive at such a conclusion only by interpreting the relevant language to mean that the Attorney General must be served with a copy of the complaint in the action or with a copy of the complaint in the proceeding. This interpretation, of course, ignores the obvious redundancy of such a procedural requirement. A more reasonable interpretation of R.C. 2721.12(A) is that the Attorney General may be served with a copy of the complaint in the action *or* with a copy of the proceeding. The words "action" and "proceeding" are clearly distinguishable. A "proceeding" is defined as "[a]n act or step that is part of a larger action." Black's Law Dictionary (7 Ed.1999) 1221. Further, proceedings include "all motions made in an action."[4]

---

4. " 'Proceeding' is a word much used to express the business done in courts. A proceeding in court is an act done by the authority or direction of the court, express or implied. It is more comprehensive than the word 'action,' but it may include in its general sense all the steps taken or measures adopted in the prosecution or defense of an action, including the pleadings and judgment. As applied to actions, the term 'proceeding' may include—(1) the institution of the action; (2) the appearance of

*Id.* If, as the majority suggests, R.C. 2721.12(A) was intended to require that a complaint be the sole vehicle for challenging the constitutionality of a statute, then the word "proceeding" could easily have been deleted from the amendment. Instead, the General Assembly chose to use both "proceeding" and "action" in a disjunctive phrase.

{¶ 30} Finally, the pronouncement herein by the majority is at odds with the recent practice of this court. This court recently permitted the Attorney General to intervene as a party in an action where the constitutionality of a statute is at issue. *Mayer v. Bristow* (2000), 88 Ohio St.3d 1445, 725 N.E.2d 285. *Mayer* challenges the constitutionality of the vexatious litigator statute, R.C. 2323.52. In *Mayer*, the Court of Appeals for Crawford County, *sua sponte*, determined it necessary to consider the constitutionality of R.C. 2323.52 in rendering its decision. The Attorney General was apparently not notified that the constitutionality of a statute was under consideration, nor did the Attorney General render an objection subsequent to the court of appeals' action.

{¶ 31} While no one would question the court of appeals' decision to raise the issue of constitutionality of a statute, it would appear that under the majority's own reasoning in the instant matter, the court of appeals in *Mayer* lacked jurisdiction to declare R.C. 2323.52 unconstitutional. Moreover, on one hand, the majority decries the timing and method of service in the instant matter because, in its view, the Attorney General was left with an inadequate amount of time "to prepare a response to the complaint, make an appearance, and be involved

---

the defendant; (3) all ancillary or provisional steps, such as arrest, attachment of property, garnishment, injunction, writ of *ne exeat*; (4) the pleadings; (5) the taking of testimony before trial; (6) all motions made in the action; (7) the trial; (8) the judgment; (9) the execution; (10) proceedings supplementary to execution, in code practice; (11) the taking of the appeal or writ of error; (12) the *remittitur*, or sending back of the record to the lower court from the appellate or reviewing court; (13) the enforcement of the judgment, or a new trial, as may be directed by the court of last resort." (Footnotes omitted.) Bryant, The Law of Pleading Under the Codes of Civil Procedure (2 Ed.1894) 3-4.

throughout the rest of the case." On the other hand, members of the majority herein are willing to let the Attorney General participate in *Mayer*, intervene as a party no less, at the later stages of the appellate process. I understand the rationale behind this court's decision in *Mayer* and that certain procedural circumstances necessitated our action. Nevertheless, the decision herein cannot be harmonized with the decision made by this court in *Mayer* and the result thereof merely serves to expose the impracticalities of the majority opinion.

{¶ 32} Accordingly, based on the foregoing, I believe that the trial court had jurisdiction, the court of appeals had jurisdiction, and the issue has been properly preserved for our consideration. Thus, I dissent.

PFEIFER, J., concurs in the foregoing dissenting opinion.

_____

**COOK, J., dissenting.**

{¶ 33} Because I disagree both with the majority's interpretation of the service requirements of R.C. 2721.12 and its conclusion that service here was insufficient, I respectfully dissent.

{¶ 34} The majority holds that the Ciccos failed to properly serve the Attorney General by not complying with R.C. 2721.12's implicit service requirements. The majority's interpretation of R.C. 2721.12, if dissected, imposes upon litigants three distinct procedural requirements: (1) all constitutional issues must be raised in a complaint, amended complaint, or other initial pleading; (2) service of the complaint or initial pleading is mandatory; and (3) service must be by certified mail.

{¶ 35} The text of R.C. 2721.12 as applicable to this case, however, includes none of these requirements. While the General Assembly has since revised that section in Sub.H.B. No. 58, effective September 24, 1999, to require service of the complaint upon the Attorney General, we are charged with interpreting the statute prior to that revision. The language of former R.C. 2721.12 was limited in

scope and required only that a copy of the proceeding be served upon the Attorney General. 144 Ohio Laws, Part II, 2930. Consequently, I consider the majority's imposition of additional procedural requirements based upon that section to be an improper departure from the terms of the statute.

I

{¶ 36} The majority's analysis of the service requirements under R.C. 2721.12 begins with its conclusion that the constitutionality of a statute must be raised in a complaint, amended complaint, or other initial pleading. Although this proposition propels the remainder of its analysis, the majority cites no case law or other authority in support of the statement, assuming rather that the conclusion follows from the declaratory judgment statute itself.

{¶ 37} The statute, however, cannot fairly be read to require constitutional issues to be raised in the initial pleading—its scope extends no further than the requirement that service be made upon the Attorney General in declaratory judgment actions involving constitutionality. Moreover, case law from this and other jurisdictions supports the opposite conclusion. Many courts, both federal and state, allow constitutionality to be raised at other points in the proceeding based upon the principle that cases should be determined upon their merits. Typically, courts reach this outcome using one of two analyses.

{¶ 38} A significant number of jurisdictions hold that a constitutional issue need only be raised at the earliest opportunity, provided that the other side is not prejudiced by the delay. The purpose of the rule is to "prevent surprise to the opposing party, and to permit the trial court an opportunity to fairly identify and rule on the issue." *Land Clearance for Redevelopment Auth. v. Kansas Univ. Endowment Assn.* (Mo.1991), 805 S.W.2d 173, 175.

{¶ 39} Thus, the court in *Mission Hous. Dev. Co. v. City & Cty. of San Francisco* (1997), 59 Cal.App.4th 55, 78, 69 Cal.Rptr.2d 185, 200, concluded that the defendant had timely raised a constitutionality challenge by raising it for the

first time in his opening trial brief. Likewise, in *Winston v. Reorganized School Dist. R-2, Lawrence Cty., Miller* (Mo.1982), 636 S.W.2d 324, 327, the plaintiff challenged the statute's constitutionality at the "earliest opportunity" by including it in a reply to the defendant's answer and motion for summary judgment. See, also, *Kenmike Theatre, Inc. v. Moving Picture Operators, Local 304, Am. Fedn. of Labor* (1952), 139 Conn. 95, 90 A.2d 881; *State v. One 1985 Mercedes 190D Auto.* (1995), 247 Neb. 335, 344, 526 N.W.2d 657, 664; *Mercer v. Philips Natural Gas Co.* (Tex.App.1988), 746 S.W.2d 933, 936; *Billings Deaconess Hosp., Inc. v. Angel* (1986), 219 Mont. 490, 495, 712 P.2d 1323, 1327; see, also, *Mark v. Mellott Mfg. Co., Inc.* (Sept. 13, 1989), Ross App. No. 1494, unreported, 1989 WL 106933 (holding that the statute's constitutionality would have been sufficiently raised in the trial court had it been included in defendant's motion for summary judgment).

{¶ 40} Other courts hold that where a claim (constitutional or otherwise) is raised other than at the inception of the proceeding, amendment of the pleadings is not necessary if that claim can be deemed to have been "tried by consent" under Civ. R. 15(B) or Fed.R.Civ.P. 15(b). Again the underlying concern is prejudice to the opposition, and the appropriate inquiry is whether the opposing party and the court have received adequate notice that a new issue is being raised. See, *e.g., Swinney v. Gen. Motors Corp.* (C.A.6, 1995), 46 F.3d 512, 522; *Austintown Local School Dist. Bd. of Edn. v. Mahoning Cty. Bd. of Mental Retardation & Developmental Disabilities* (1993), 66 Ohio St.3d 355, 365, 613 N.E.2d 167, 175; *In re Zweibon* (C.A.D.C.1977), 565 F.2d 742, 748, 184 U.S.App.D.C. 167, 173, fn. 20, citing *Hayes v. Philadelphia Transp. Corp.* (C.A.3, 1963), 312 F.2d 522, and Wright & Miller, Federal Practice and Procedure (1973) 477, Section 2722, fn. 22 ("It is now settled that the process of amendment may be initiated by presentation of an issue for the first time in a motion for summary judgment.").

{¶ 41} The majority's conclusion that constitutional issues may be raised only at the inception of an action departs from this established law and does so

without any statutory support. Its interpretation, therefore, modifies well-settled procedural practice and imposes limitations not considered or intended by the statutory language of R.C. 2721.12. Because I see no reason to stray from the view accepted by the majority of jurisdictions, I would conclude that, where appropriate, the constitutionality of a statute may be raised at a later juncture than the inception of the proceeding.

II

{¶ 42} Given that I disagree with the majority's basic proposition, I also disagree with the next step in its analysis. The majority concludes that since the issues of constitutionality must be raised in the complaint or initial pleading, the Attorney General must in all instances be served with a copy of that document.

{¶ 43} Because constitutionality ought to be permitted to be raised at other points in the proceeding, however, I believe it a more appropriate reading of former R.C. 2721.12 to require that the Attorney General be served with a copy of the pleading or motion actually raising the constitutional issue. Not only is this the more reasonable interpretation of that statute, but it is also precisely the procedure followed in various other jurisdictions across the country.

{¶ 44} The Louisiana Supreme Court, for instance, which has consistently held that constitutionality may be raised either in the complaint, the answer, the motion for summary judgment, or a response thereto, concludes that it is the "pleading which contests the constitutionality of a statute" that must be served. *Vallo v. Gayle Oil Co., Inc*. (La.1994), 646 So.2d 859, 864. Similarly, in *Tyson Foods, Inc. v. Thompson* (Ala.Civ.App.1998), 719 So.2d 847, although service upon the Attorney General was held insufficient, the court so concluded because the Attorney General was not served with the objection to the motion to dismiss the appeal, the document that raised the constitutionality of the statute at issue. See, also, *Mobile v. Salter* (1971), 287 Ala. 660, 664, 255 So.2d 5, 7.

**{¶ 45}** Because the text of former R.C. 2721.12 does not mandate that the Attorney General be served with the complaint, I see no justification for interpreting it in that manner, since the complaint may not be the vehicle that raises the constitutional issue. As this court has explained, the "very apparent intent of R.C. 2721.12 is to ensure that the Attorney General is informed of attacks on the constitutionality of the laws of this state." *Ohioans for Fair Representation, Inc. v. Taft* (1993), 67 Ohio St.3d 180, 184, 616 N.E.2d 905, 908. The document that contains the constitutional issues is the document that would accomplish this purpose, and therefore it is a copy of that document that should be served.

III

**{¶ 46}** The first two issues having been so resolved, the next issue is the *manner* in which the copy of the proceeding must be served upon the Attorney General. Again working from its prior conclusions, the majority reasons that since it is the complaint or initial pleading that must be served, service should be completed in the manner typically used for complaints.

**{¶ 47}** Since I would conclude that documents other than the complaint or initial pleading might be served upon the Attorney General, I believe that the majority's requirement of certified mail is not in all instances appropriate. Because the statute is silent on the type of service that will suffice, it follows that the typical procedures contained in the Civil Rules should apply. Thus, where the document to be served is the complaint, the Civil Rules require service by certified mail; documents succeeding the complaint may be served by ordinary mail. See Civ.R. 4.1; Civ.R. 5.

IV

**{¶ 48}** To summarize, then, I disagree with the majority's decision to impose strict procedural mandates upon the service requirement of R.C. 2721.12 because those procedures are not contained in the statute. This court recently disposed of an analogous procedural interpretation of R.C. 2721.12 under the same

reasoning. In *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.* (1999), 86 Ohio St.3d 318, 322, 715 N.E.2d 127, 130, we rejected the argument that all interested persons must be made parties in the *initial* pleading. As Justice Resnick explained:

"To do this, we would have to write into R.C. 2721.12 a clause that does not appear * * * . R.C. 2721.12 provides the substantive requirement that all interested persons be made parties; it does not purport to govern the procedural method by which this is accomplished, and it certainly does not limit parties to their initial pleadings."

{¶ 49} This reasoning is fully applicable to the interpretation of R.C. 2721.12 at issue in this case. It is simply not within our province to rewrite R.C. 2721.12 to contain specific procedural requirements not included by the General Assembly, particularly when that interpretation departs from well-settled law.

{¶ 50} I would hold, therefore, that R.C. 2721.12 contemplates service upon the Attorney General of the document that raises the challenge to the constitutionality of the statute and that this document should be served in accordance with the applicable Civil Rules.

V

{¶ 51} Applying the above to the instant case, the service attempted on the Attorney General was sufficient to invoke the trial court's jurisdiction over the issues of constitutionality. The Ciccos first raised their constitutional challenge in their motion for summary judgment, which was conceivably the earliest opportunity for these issues to be addressed. Their complaint essentially sought compensation under both their own and the defendant's insurance policies. The Ciccos' insurance carrier responded by denying that any coverage was owed on either of the claims for uninsured motorist coverage. At that point, in the motion for summary judgment, the Ciccos requested a determination of the

constitutionality of the statutes that allow its carrier to deny such coverage. The Ciccos raised these issues at precisely the time they arose.

{¶ 52} Likewise, under Civ.R. 15(B) analysis, the Ciccos provided both the opposing side and the trial court with sufficient notice of this issue. Furthermore, both parties received adequate opportunity to address the issue, and, based upon their arguments, the trial court determined the issue. Thus, the issue was tried by consent, and no amendment was necessary in order to place it properly before the trial court.

{¶ 53} The issue having been appropriately raised in the motion for summary judgment, it follows that the Ciccos' service duty under R.C. 2721.12 was to provide the Attorney General with a copy of the motion for summary judgment. A review of that document's certificate of service reveals that service was made on the Attorney General at the proper address by means of ordinary mail. Since the document forwarded was not a complaint but instead a motion for summary judgment, service by ordinary mail was sufficient. Civ.R. 5.

{¶ 54} Furthermore, the Attorney General's statement that the motion was never received does not alter this analysis, given the documentation of service provided by the Ciccos and the provision of Civ.R. 5 that service by ordinary mail is complete upon mailing. See, also, *Madachik v. Ohio Bell Tel. Co.* (July 27, 1989), Cuyahoga App. No. 57202, unreported, 1989 WL 85093. To hold parties to a higher standard under R.C. 2721.12 when no expression of that intention is contained anywhere within the statute would be groundless.

{¶ 55} For the foregoing reasons, I would hold that the Ciccos sufficiently served the Attorney General with a copy of the proceeding raising the constitutionality of the statutes at issue and therefore the trial court had jurisdiction to address those issues.

DOUGLAS and PFEIFER, JJ., concur in the foregoing dissenting opinion.

_____