DECISION AND JUDGMENT ENTRY
This is an appeal from a summary judgment granted by the Jackson County Court of Common Pleas in favor of Progressive Insurance Company in a claim for underinsured motorist benefits.
Appellant[1] was a passenger in single vehicle accident in which the operator lost control of the vehicle, allowing it to overturn. The operator of the vehicle — and tortfeasor in the accident — had liability coverage in the amount $12,500 per person. Appellant also had underinsured motorist coverage through Progressive Insurance Company (appellee) in the amount of $12,500 per person. Appellant recovered the full amount, $12,500, from the tortfeasor's coverage; he then sought to recover under his policy with appellee for medical expenses and damages that exceeded $12,500. Appellee's denial of the claim initiated the dispute and resultant lawsuit.
Appellant filed his complaint in the Jackson County Court of Common Pleas. In his complaint, appellant sought damages in the amount of $12,500, as well as a declaratory judgment that (1) he is entitled to recover underinsured motorist benefits from appellee; (2) that the limit of underinsured motorist coverage is $12,500; (3) that any set-off which appellee is entitled to is from the amount of appellant's damages, not from the limits of underinsured motorist coverage; and (4) that R.C.3937.18 is unconstitutional, without stating any specific basis for this allegation.
Appellee filed its answer followed by a motion for summary judgment under Civ.R. 56, relying on R.C. 3937.18(A)(2) as a basis for denying appellant's claim. Appellee cited Beagle v. Waldon (1997), 78 Ohio St.3d 59, for its holding that R.C. 3937.18(A)(2), as amended, is constitutionally valid. R.C. 3937.18 was amended by Senate Bill 20 effective October 20, 1994 to state:
* * *
Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
* * *
In his response to appellee's motion for summary judgment, appellant conceded that under the current version of R.C. 3937.18 he is not entitled to underinsured benefits from appellee. Instead, appellant relied solely on his claim that R.C. 3937.18, as amended by Senate Bill 20, is unconstitutional and thus should not be applied to appellant's claim. On August 1, 2000, the trial court granted summary judgment in favor of appellee, and found that the Supreme Court's decision inBeagle, supra, was controlling. Appellant filed a timely notice of appeal, raising the following assignment of error:
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE SECTION3937.18 OF THE OHIO REVISED CODE IS UNCONSTITUTIONAL.
We agree that the trial court erred in granting summary judgment, but for reasons far different from those argued by the appellant. The only issue for our review is the alleged unconstitutionality of R.C. 3937.18. Because we find that the trial court lacked subject matter jurisdiction to decide appellant's constitutional challenge, we vacate the trial court's summary judgment entry and dismiss this appeal.
There are certain statutory pre-requisites that must be met in order to vest the trial court with subject matter jurisdiction to entertain a suit for declaratory relief determining the constitutionality of a statute. R.C. 2721.12 of the Declaratory Judgments Act provides, in part:
* * * [W]hen declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. * * * [I]f any statute * * * is allegedto be unconstitutional, the attorney general shall be served witha copy of the complaint in the action or proceeding and shall beheard. * * * (Emphasis added.)
Construing R.C. 2721.12, the Supreme Court of Ohio in Cicco v.Stockmaster (2000), 89 Ohio St.3d 95, held that a party making a constitutional challenge to a statute must assert the claim in the original or amended complaint, or other initial pleading, and must serve a copy of the complaint on the Ohio Attorney General pursuant to Civ.R. 4.1 in order to vest the court with subject matter jurisdiction. The attorney general need not be made a party to the suit, but must be given notice in accordance with Civ.R. 4.1. Id. The court in Cicco rationalized that service by methods in Civ.R. 4.1 would ensure reliability of notice and provide a record that service was accomplished, including the manner and date of service. Id. See, also, Joseph v. CSX Transportation Co.
(2000), 89 Ohio St.3d 111 (applying Cicco to vacate a judgment of the Seneca County Court of Appeals overruling a constitutional challenge to R.C. 3937.18(A)(2)).
Here, appellant asserted his constitutional challenge to R.C. 3937.18
in his complaint, thus satisfying the first requirement under R.C. 2721.12. However, there is no indication in the record that the attorney general was ever served with a copy of the complaint. The record contains a certificate of service for the appellee, but no one else. Moreover, there is no indication that the attorney general was in anyway involved in this case or had actual notice of appellant's claim at its inception. SeeOhioans for Fair Representation, Inc. v. Taft (1993), 67 Ohio St.3d 180. (For purposes of R.C. 2721.12, the Attorney General will be deemed to have been served with a copy of the proceeding once he undertakes representation of a party to the action).
From our review of the record, we can only conclude that appellant failed to notify the attorney general of his constitutional challenge to R.C. 3937.18(A)(2), and thus failed to vest the trial court with authority to address the issue under R.C. 2721.12 and Cicco, supra. Accordingly, we vacate the trial court's grant of summary judgment as the trial court did not have authority to determine a constitutional challenge to R.C. 3739.18 because of appellant's failure to comply with R.C. 2721.12. Likewise, we have no jurisdiction over the issue of the statute's constitutionality, and dismiss the appeal.
It is ordered that the JUDGMENT BE VACATED, THE MATTER REMANDED FOR FURTHER PROCEEDINGS AND APPEAL DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion
 _______________________ William H. Harsha, Judge
[1] We note that Ruth Denny is listed as a plaintiff in the caption of the complaint in this case. However, the complaint does not state a cause of action for Ruth Denny; she is not even mentioned in the body of the complaint. Appellee did not move to dismiss her from the suit. The trial court, however, granted summary judgment in favor of the defendant onplaintiffs' complaint, thus terminating the action as to both plaintiffs. Only Kevin Denny appealed the entry.