ON RECONSIDERATION
Plaintiffs-appellants, Jesse Barnett, Tammie Osborne, and Jesse Osborne, have filed a motion for reconsideration of our decision rendered on February 5, 2001. Appellants have also filed a motion to certify this case to the Ohio Supreme Court as in conflict with the decision of another court of appeal.
Jesse Barnett ("Jesse") was the passenger in a car driven by William Carr. He was injured when Carr lost control of the vehicle, causing an accident. Jesse and his mother, Tammie Osborne ("Tammie"), filed a complaint naming several defendants, including Westfield Insurance Company ("Westfield"), Carr's insurance company. Jesse and Tammie settled with Westfield for the amount of the policy limit, $100,000.
The complaint also included claims against Jesse and Tammie's insurer, Globe American Casualty Company ("Globe"), for underinsured motorist ("UIM") benefits. The parties filed motions for summary judgment. In their motion for summary judgment, Jesse and Tammie argued that R.C.3937.18, as amended by Senate Bill 20 ("S.B. 20"), was unconstitutional. Jesse and Tammie also contended that their $100,000 settlement with Westfield could not be used to offset any recovery for UIM benefits. In a written decision, the trial court found that S.B. 20 was constitutional. The trial court also granted summary judgment to Globe on the basis that Globe was not obligated to pay UIM coverage because the amount available under the tortfeaser's policy with Westfield ($100,000) exceeded the amount of the underinsured motorist coverage with Globe ($12,500).
The plaintiffs filed an amended complaint, adding a claim for Jesse's father, Jesse Osborne ("Osborne") for loss of consortium. Globe once again requested summary judgment on the constitutionality of S.B. 20 and the UIM claims. The trial court granted Globe's motion for summary judgment in a brief entry, stating that it "specifically readopts and incorporates" the earlier written decision on summary judgment.
We affirmed the trial court's decision, finding that the issue of the constitutionality of S.B. 20 was not properly before the court because appellants failed to properly notify the attorney general pursuant to R.C. 2721.12. Barnett v. Carr (Feb. 5, 2001), Butler App. No. CA2000-05-082, unreported. Relying on our decision in Littrell v.Wigglesworth (Mar. 13, 2000), Butler App. No. CA99-05-092 and CA99-08-141, unreported, motion to certify conflict granted,89 Ohio St.3d 1468, discretionary appeal allowed 89 Ohio St.3d 1469, we also found that Globe was not liable to Jesse and Tammie for UIM coverage because the $100,000 settlement was more than they would receive under the $12,500 per person UIM limit. Id.
In their motion for reconsideration, appellants ask this court to reconsider the issue of whether the constitutionality of S.B. 20 was properly before the court and the issue of whether Osborne was a party to the appeal and whether he was entitled to UIM benefits.
Appellants' motion for reconsideration first challenges our finding that the constitutionality of S.B. 20 was not properly before the court. In our previous decision we found that appellants failed to comply with R.C. 2721.12. A party who is challenging the constitutionality of a statute and is seeking declaratory relief pursuant to R.C. Chapter 2721 must assert the claim in the complaint or other initial pleading. Ciccov. Stockmaster (2000), 89 Ohio St.3d 95, 97.
Appellants did not specifically raise the constitutionality of S.B. 20 until they filed their motion for summary judgment. In their motion for reconsideration, appellants argue that their complaint includes challenges to "any and all provisions of any law or statute in this state" which are "applicable to or alleged to be applicable to reduce or reject any other claims or damages in this case," and that this language was sufficient to put the Attorney General on notice.
Appellants argue that the Attorney General was put on notice of the challenge because a Notice of Reservation of Rights was filed by the Attorney General that indicated that she had received notice of the "constitutional challenge to H.B. 350 and S.B. 20 in this action."
Allowing a plaintiff to broadly challenge the constitutionality of any statute applicable to the case runs counter to the purpose behind R.C.2721.12. The Ohio Supreme Court stated the purpose of the requirement as being to allow the Attorney General a reasonable time in which to evaluate the issues and determine whether to participate in the case.Cicco v. Stockmaster (2000), 89 Ohio St.3d 95. The Ohio Supreme Court has also determined that the requirements of R.C. 2721.12 are not met by raising a constitutional issue for the first time in a motion for summary judgment. Id. A general challenge to the constitutionality of any applicable statute, followed by raising the specific statute in a motion for summary judgment, does not meet the requirements of R.C. 2721.12. Appellants were required to specifically raise the challenge in their complaint[1] and failed to do so.
It should also be noted that in our previous decision, we found that even if the issue had properly been before the court, the issues regarding the constitutionality of the statute have been previously resolved by the Ohio Supreme Court in Beagle v. Walden (1997),78 Ohio St.3d 59. Appellants' motion for reconsideration on this issue is denied.
Appellants next argue that our previous opinion contains a factual error regarding Osborne's role in the motion for summary judgment and in the appeal. In the previous opinion, we indicated in a footnote that "[t]he record and trial court's decision do not indicate that Osborne was involved in the instant appeal or in the motions for summary judgment leading to this appeal." Appellants argue that Osborne's rights were affected by the summary judgment decision, that he was a party to the appeal, and that the court addressed only the issues relating to Jesse and Tammie, who signed a release with Westfield while Osborne did not.
After careful scrutiny of the record, we realize that the statement in our previous opinion was in error. The confusion stems from the fact that Osborne is not mentioned in the trial court's written decision on summary judgment, as the decision was written before Osborne became a party to the action. The trial court's decision on the motions for summary judgment filed after Osborne became a party to the action simply adopted the reasoning of the previous written decision and did not mention that an additional plaintiff was party to the motions. In addition, appellants' brief on appeal addressed issues related to all three appellants collectively and did not set forth any specific legal arguments relating to Osborne individually. After a review of the various filings in the record, we find that the statement in our previous opinion was error, since Osborne was party to both the motion for summary judgment and the appeal.
This factual error does not change the reasoning set forth in our previous decision, as the same reasoning applies to all three appellants. Pursuant to our decision in Littrell v. Wigglesworth (Mar. 13, 2000), Butler App. No. CA99-05-092 and CA99-08-141, unreported, motion to certify conflict granted, 89 Ohio St.2d 1468, discretionary appeal allowed, 89 Ohio St.3d 1469, offsets are determined by a policy-limit to policy-limit comparison, not by the amounts actually received by a plaintiff. The same reasoning applies to Osborne's claim for UIM benefits, even though he was not party to the settlement. The Westfield policy provides a $100,000 per person limit and the Globe policy provides only $12,500 in UIM benefits. Appellants' motion to reconsider is denied as to this issue because Osborne is not entitled to UIM benefits under the Globe policy.
In their motion to certify a conflict, appellants contend that our decision in this case is in conflict with Estate of Fox v. Auto OwnersInsurance Co. (June 12, 1998), Montgomery App. No. 1456, 1998 WL 309212 and Berry v. Przyborowski (Nov. 19, 1999), Miami App. No. 99-CA-21, 1999 Ohio App. Lexis 5484. These cases were deemed in conflict with this court's decision in Littrell, and are currently pending before the Ohio Supreme Court.
While there are factual dissimilarities, the decision in Barnett
specifically relied on Littrell for the same issue that was certified to the Ohio Supreme Court: "whether 3937.18 precludes recovery because the insured's underinsured motorist coverage limits are identical to that of the tortfeaser's limits when, due to the presence of multiple claimants, the insured is unable to recover the tortfeaser's limits." The conflicting issue in Littrell, Fox and Berry centers on whether the amount the UMI insurance should be set off from the amount of the policy limits or the amount the party actually received.
Although Jesse and Tammie were both involved in the settlement, they contended that total amount of the settlement was not enough to compensate Jesse for his injuries, so that Tammie received no compensation for her loss of consortium. Appellants also argued that because Osborne was not a party to the settlement, the $100,000 policy limit was not "available for payment."
Although there are other issues involved in this case, our decision specifically relies on Littrell for the proposition that the set off should be based on the policy limits, not on other considerations, such as the amount actually received or whether a plaintiff had been fully compensated for his/her injuries. Appellant's motion to certify is granted. The issue for certification is: "whether 3937.18 precludes recovery because the insured's underinsured motorist coverage limits are identical or less than that of the tortfeaser's limits when, due to the presence of multiple claimants, the insured is unable to recover the tortfeaser's limits."
For the foregoing reasons, appellant's motion for reconsideration is granted in part to correct the factual error noted above, and is denied in part regarding the constitutionality of S.B. 20, and regarding the issue of whether Osborne is entitled to UIM benefits under the Globe policy. Appellant's motion to certify is granted as to this decision on reconsideration, and with respect to our previous opinion in this matter to the extent it is not inconsistent with this decision.
POWELL, P.J., and WALSH, J., concur.
[1] Appellants failed to specifically allege a challenge to S.B. 20 in either their original complaint or their amended complaint.