ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} Parkwood Place, Ltd. and J. Harvey Crow appeal from a judgment of the common pleas court which denied their motion for summary judgment in connection with their action against the City of Brecksville and the Cuyahoga County Board of Elections, claiming the invalidity of two zoning ordinances relating to an 85 acre parcel of real estate owned by Parkwood located on Miller Road adjacent to the Brecksville VA Hospital. On appeal, they maintain that the court erred in denying their motion for summary judgment because they believe that a 1981 court decree forever set the zoning on this land and they claim that the 1981 judgment invalidates these ordinances; they also assert that the court erred in dismissing their challenge on the constitutionality of the ordinances for their failure to properly serve the Attorney General of the State of Ohio. After careful review of the record and applicable law, we affirm the judgment of the court and remand the case for the resolution of any remaining claims consistent with this opinion.
{¶ 2} The record reflects that Crow owned 85 acres of land located at Miller Road and Interstate I-77 in Brecksville, Ohio, which abuts the Veterans Administration Psychiatric Hospital on the east and the Brecksville Industrial Park on the south. In 1981, he filed a complaint in common pleas court, J. Harvey Crow v. City of Brecksville, et al,
known as Case No. 015815, to have the court declare the "R-20 residential" zoning classification of his property to be unconstitutional. On June 12, 1981, the court entered a judgment declaring that the R-20 residential zoning as applied to seven parcels of real estate owned by Crow, i.e., Parcel Nos. 603-21-22, 603-20-29, 604-8-7, 604-8-1, 608-8-2, 604-8-3 and 604-8-4, had no reasonable relationship to the health, safety, welfare and morals of the community, and was arbitrary, confiscatory, unreasonable, unlawful, and discriminatory. In its judgment, the court also stated that it adopted the rezoning of the land as agreed to by the parties: Parcel Nos. 604-7-7, 604-8-1, 604-8-2, 640-8-3, 604-8-4 were rezoned to multiple zoning classification of Motor Service, Community Facilities, and Office Building; No. 604-8-7 was rezoned to Local Business, Community Facilities and Office Laboratory; No. 603-20-29 was rezoned to "R-8" Single Family, and Office Laboratory; and No. 603-21-22 was rezoned to "R-8" Single Family and "R-16" Single Family. The court also ordered the zoning map of the City of Brecksville to be amended to reflect the rezoning of the land as designated in its judgment.
{¶ 3} Subsequent to that judgment but prior to the 1999 enactment of the two rezoning ordinances challenged in the instant action, the zoning classifications of this land had been the subject of several proposed amendments presented to the electorate: in 1987, the voters defeated a petition initiated by Crow to add Laboratory Business to six of the parcels; in 1988, they approved Crow's proposal to add a Shopping Center classification to seven of the parcels; in 1990, Crow sought unsuccessfully to change the zoning classifications of Parcel No. 603-20-29 from R-8 and Office Laboratory to Shopping Center; and in 1991, the voters approved the city's referendum to remove the Shopping Center classification added in the 1988 initiative.
{¶ 4} In 1998, Crow deeded each of the parcels of land in the instant dispute to Parkwood Place, Ltd.
{¶ 5} In 1999, the City of Brecksville sought to again rezone these parcels of land: to remove the Community Facility classification from all parcels; to change Office Building classification to Office Laboratory for several parcels; and to remove Motor Service from parts of certain parcels. After several public hearings and council meetings to discuss these proposed changes, the city council passed two ordinances, Nos. 3742 and 3746, to effect the changes and, in accordance with the requirement of the city charter, sent them to Cuyahoga County Board of Elections to be placed on the November 2, 1999 ballot.
{¶ 6} On October 18, 1999, Parkwood Place, Ltd. and J. Harvey Crow filed a complaint against the Cuyahoga County Board of Elections and the City of Brecksville, claiming that the proposed ordinances violated the 1981 judgment entry and that the ballot language was unconstitutionally vague and overbroad. They sought declaratory and injunctive relief to prohibit the City of Brecksville and the Board of Elections from placing these ordinances on the November 2, 1999 ballot. The trial court denied their request for an injunction; the matters were voted on and approved.
{¶ 7} Parkwood and Crow subsequently amended their complaint claiming that the ordinances are unreasonable, arbitrary, and unconstitutional; that they constituted the taking of their property without just compensation; that they impaired the obligations of "the agreed upon court findings and zoning uses provided in the Court's [1981] judgment" and impaired any contract to which Parkwood and Crow were a party; and finally, that the city's action constituted contempt of court. In addition to the declaratory and injunctive relief, Parkwood and Crow sought compensatory and punitive damages and attorney fees.
{¶ 8} On August 11, 2000, Parkwood and Crow moved for summary judgment asking the court to declare the 1981 judgment valid and enforceable and to declare Ordinances Nos. 3742 and 3746 void and unconstitutional.
{¶ 9} The court denied this motion, holding that despite the validity of the 1981 judgment, the zoning as reflected in that judgment was not meant to be forever binding on the land; the court reasoned that the language in the judgment ordering the City of Brecksville's zoning map be amended to reflect the new zoning indicated that any future rezoning was placed back within the scope of the legislative branch of the City of Brecksville.
{¶ 10} Furthermore, the court determined that it lacked jurisdiction to address any constitutional challenges because the Attorney General, a necessary party to an action alleging an ordinance to be unconstitutional, had not been served in accordance with R.C.2721.12(A).
{¶ 11} On appeal to our court, we dismissed for the lack of a final, appealable order, because the trial court had not addressed the claims against the Board of Elections with respect to the validity of the ballot language. Thereafter, Parkwood and Crow dismissed the Board of Elections; on October 26, 2001, the trial court expressly determined that there was no just reason for delay. This instant appeal followed, presenting two assignments of error for review. The first states:
 {¶ 12} I. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT A 1981 JUDGMENT ENTRY ESTABLISHED THE ZONING OF PARCELS OF LAND IN BRECKSVILLE WAS NOT INTENDED TO BE PERMANENT AND FINDING THAT BRECKSVILLE ORDINANCES WHICH VIOLATE THE 1981 JUDGMENT ARE VALID AND ENFORCEABLE.
{¶ 13} Claiming the court erred in upholding the ordinances and asserting the 1981 judgment is "imbued with a permanent character" and therefore invalidates any future ordinances rezoning the subject property, Parkwood and Crow assert that any future rezoning of the property must be achieved through a Civ.R. 60(B) motion. The city maintains that judgment did not preclude future amendment to zoning.
{¶ 14} The issue for our resolution then concerns whether the 1981 judgment which adopted agreed-upon zoning classifications for Crow's real estate precludes rezoning.
{¶ 15} An appellate court reviews a trial court's decision on a summary judgment motion de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370, 696 N.E.2d 201; see, also, Civ.R. 56(C).
{¶ 16} Ohio law has long recognized the enactment of zoning laws by a municipality to be as an exercise of its police power as described under Section 3, Article XVIII of the Ohio Constitution. See Rispo Realty Dev. Co. v. Parma (1990), 55 Ohio St.3d 101, 103, 564 N.E.2d 425. A city may properly exercise its zoning authority to preserve and protect the character of the designated areas in order to promote the overall quality of life for its citizens. Gerijo, Inc. v. Fairfield (1994),70 Ohio St.3d 223, 228, 638 N.E.2d 533.
{¶ 17} In contrast, the judicial role in zoning matters is limited. As the court stated in Central Motors Corp. v. City of PepperPike (1995), 73 Ohio St.3d 581, 584, 653 N.E.2d 639, citing Willott v.Beachwood (1964), 175 Ohio St. 557, 560, 197 N.E.2d 201, 203-204:
 {¶ 18} "[t]he court can not usurp the legislative function by substituting its judgment for that of the council. Municipal governing bodies are better qualified, because of their knowledge of the situation, to act upon these matters than are the courts. * * * The legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regulations."
See, also, Rispo Invest. Co. v. Seven Hills (1993), 90 Ohio App.3d 245,254, 629 N.E.2d 3, citing Franchise Developers, Inc. v. Cincinnati
(1987), 30 Ohio St.3d 28, 505 N.E.2d 966 ("[t]he power of a municipality to establish zones, to classify property and to determine land use policy is a legislative function with which a court may not interfere unless the power is exercised in such an arbitrary, confiscatory or unreasonable manner as to be in violation of constitutional guarantees"; Gerijo, supra at 26, 638 N.E.2d at 536 ("[a] court may substitute its judgment for that of the local governing body only when a municipality exercises its zoning power in an arbitrary, confiscatory or unreasonable manner which violates constitutional guarantees.")
{¶ 19} In this case, back in 1981, after declaring the single family zoning unconstitutional, the court adopted certain multiple zoning classifications agreed to by the parties and ordered the court's zoning map to be amended to reflect the new zoning classifications. By that order, the court returned authority over zoning matters to the legislative branch of the city. Nowhere did the judgment state that the court retained continuing jurisdiction over any future zoning issues regarding this property; neither did the judgment forbid the city or the property owner from seeking to amend these zoning classifications. In fact, since 1981, Crow and the city each sought to effect changes in the zoning of the land and both had submitted various proposed amendments to the voters: in 1988, Crow's initiative to rezone the property by adding Shopping Center classification to several parcels succeeded, and, in 1991, the city succeeded, without any challenges from Crow, in its own attempt at rezoning and removing that classification. Thus, Crow's conduct belies his claim now asserting that the 1981 judgment is "imbued with a permanent character" invalidating any amendment to the zoning prescribed in that judgment.
{¶ 20} Finally, regarding Parkwood's position that a Civ.R. 60(B) motion is the only appropriate means by which to effect rezoning of the property, this view, taken to its logical conclusion, would mean, once a court passes on the constitutionality of a zoning ordinance governing a property, that court retains exclusive jurisdiction for all future zoning matters, divesting the municipality's legislative body and the electorate of any control over zoning of that property. We do not agree with this proposition. As other courts have emphasized, a municipality has the inherent power to zone or rezone land within its boundaries as necessitated by evolving conditions and circumstances; a court's role in zoning matters is limited to entertaining challenges to the process and the constitutionality of the resulting zoning ordinances.
{¶ 21} In accordance with this analysis, we have concluded that the 1981 judgment does not preclude the city from subsequently enacting ordinances to amend the zoning of this land. Accordingly, this assignment of error is not well taken.
{¶ 22} The second assignment of error states:
 {¶ 23} II. THE TRIAL COURT ERRED IN DISMISSING THE BALANCE OF THE PLAINTIFFS' CLAIMS ON THE BASIS THAT THE ATTORNEY GENERAL'S OFFICE HAD NOT BEEN SERVED WITH A COPY OF THE COMPLAINT.
{¶ 24} Parkwood and Crow assert court error in dismissing their remaining claims for the lack of service upon the Attorney General because they believe they had obtained proper service on that party.
{¶ 25} R.C. 2721.12(B) requires that the Attorney General be served with a copy of the complaint in any action that claims a statute or an ordinance to be unconstitutional. The Supreme Court of Ohio has recently held, in Cicco v. Stockmaster, 89 Ohio St.3d 95, 2000-Ohio-434,728 N.E.2d 1066, that a party challenging the constitutionality of a statute or an ordinance must serve a copy of the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest the trial court with jurisdiction under R.C. 2721.12. Civ.R. 4.1(A) sets forth the following:
 {¶ 26} (A) Service by certified or express mail. Evidenced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in an envelope. The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.
 {¶ 27} The clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received. * * *
{¶ 28} Here, the record contains a certificate of service stating that a copy of the amended complaint was served upon the Ohio Attorney General, Betty D. Montgomery on January 7, 2000. The filing of a certificate of service here does not satisfy the requirement of Civ.R. 4.1.(A).[1] Cicco, supra. See, also, Fuller v. Fuller (June 14, 2000), Lawrence App. No. 99CA04 (the purpose of Civ.R. 4.1 is to establish service, or lack thereof, in the record of the case; hence, the clerk, a neutral official, must mail the copy of the motion to the party to be served.) Accordingly, the court properly dismissed those claims which require proper service upon the Attorney General and we reject this assignment of error.
{¶ 29} On the basis of the foregoing, we affirm the court's judgment and remand the case to the court for further consideration consistent with this opinion.
Judgment affirmed; case remanded.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and KENNETH A. ROCCO, J., CONCUR
[1] Parkwood claims that the Attorney General had received its complaint and had informed Parkwood that her office had elected not to participate in the action, attaching to his brief a letter from the Attorney General to this effect. This letter purportedly received from the Attorney General is outside of the record, and we cannot consider it. Therefore we do not reach the question of whether the Attorney General's alleged awareness of the instant action satisfies the service requirement imposed by Civ.R. 4.1(A) and Cicco.