OPINION
Plaintiffs-appellants David L. Wheeler and his minor son, David Alan Wheeler, appeal the April 25, 2000 Judgment Entry of the Richland County Court of Common Pleas which granted summary judgment in favor of defendant-appellee Grange Mutual Casualty Company (hereinafter "Grange").
 STATEMENT OF THE CASE AND FACTS
On March 2, 1997, appellant David Alan Wheeler was involved in a motor vehicle accident while riding his motorcycle in the State of Florida. On the date of the accident David L. Wheeler had two separate policies of motor vehicle insurance with Grange. Each of the policies had coverage limits for uninsured/underinsured motorist benefits of $100,000 for each person and $300,000 for each accident. The tortfeasor, Alan Henning was also insured. Mr. Henning's liability insurance carrier paid its policy limits of $100,000. Grange waived subrogation against the tortfeasor so the appellant could reach settlement. Appellant alleges his son did not receive any portion of the settlement. After Mr. Wheeler settled with the tortfeasor for $100,000 he continued to pursue underinsured motorist claims against Grange through his two policies of insurance. Grange denied those claims. On March 2, 1999, David L. Wheeler filed a complaint for money, declaratory judgment, and policy benefits in the Richland County Court of Common Pleas. Appellant set forth two counts, each for breach of contract for two separate insurance policies issued by appellee. Grange filed a timely answer to appellants' complaint on April 21, 1999. On June 2, 1999, David L. Wheeler filed his first amended complaint. The amended complaint was substantially the same, but added a new party defendant, appellant's son, as a party plaintiff and alleged a cause of action for loss of consortium on the minor's behalf. On January 5, 2000, appellants filed a Motion for Summary Judgment. The motion maintained R.C. 3937.18, the statutory provision governing uninsured and underinsured motorist coverage, was unconstitutional. Appellants also maintained the set-off provision contained in R.C. 3937.18 only permits an insurance company to set-off the amount actually received by each claimant, as opposed to the per-person limit of the tortfeasor. On March 7, 2000, Grange filed its Memorandum in Opposition to appellants' motion for summary judgment and its cross-motion for summary judgment. Grange first maintained the trial court had no jurisdiction to consider appellants' constitutional challenge to a S.B. 20 and the amendments to R.C. 3937.18. In support of this proposition, Grange cited Chicco v. Stockmaster (Dec. 4, 1998), Huron App. No. H-98-016. In Cicco, the Sixth District Court of Appeals found a trial court had no jurisdiction to rule on the constitutionality of a statute in a declaratory judgment action where the plaintiff had failed to properly plead the constitutional issues, and properly notify the Ohio Attorney General. Grange also maintained it was entitled to summary judgment because both appellants were subject to the same per person limit of underinsured motorist coverage and Grange was entitled to set-off the tortfeasor's payment against its own policy limits. In an April 25, 2000 Judgment Entry, the trial court granted Grange's cross motion for summary judgment and denied appellants' motion for summary judgment. The trial court stated: The Grange policy's limits of coverage are $100,000.00 and, under Ohio law, those limits are reduced by the $100,000.00 received from the tortfeasor. Ohio Revised Code Section 3937.18(H) allows Grange to make derivative claims, like David Alan Wheeler's loss of services claim in this case, subject to a single per person limit with a physically injured person. Grange has done so under its policy here. The policy language in that regard, thus, governs the instant dispute. Judgment Entry at 2.
It is from this judgment entry appellants prosecute this appeal, assigning the following as error:
 THE TRIAL COURT ERRED IN FINDING THAT OHIO LAW ALLOWS THE INSURERS TO LIMIT UNDERINSURED MOTORIST COVERAGE TO THE SINGLE PER PERSON LIMIT WHEN ONLY ONE PERSON HAS SUFFERED BODILY INJURY.
 I
Although appellants sets forth only one assignment of error, this assignment has twenty separate subsections. Appellants begin by citing pre-S.B. 20 case law which interpreted R.C. 3927.18 to allow an insurance company only to set-off of the amount actually received by each claimant. Appellants also argue an underinsured motorist policy may set off only amounts actually recovered by each beneficiary. After setting forth the law applicable previous to S.B. 20, appellant maintains R.C.3937.18 is unconstitutional. Appellants argue if S.B. 20 is unconstitutional, the pre S.B. 20 law is dispositive in this case. We disagree with appellants' contentions. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error. Constitutional Claims R.C. 2721.12
governs declaratory relief actions. On March 2, 1999, the date appellant filed his complaint, the statute provided, in pertinent part: When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. * * * 144 Ohio Laws, Part II, 2902, 2930
In Chicco v. Stockmaster (2000), 89 Ohio St.3d 95, the Supreme Court addressed the pleading and notice requirements of the former R.C. 2721.12. The Court held: A party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading) or an amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction under the former R.C.2721.12. Id. at syllabus.
The Supreme Court also found a petitioning party seeking a declaration a statute is unconstitutional must assert the claim in a complaint or other initial pleading, or an amended complaint or amended initial pleading. The issue is not properly put before a court in a motion for summary judgment. Id. at 99. In the matter sub judice, appellants did not raise constitutional issues in their complaint or in their subsequent first amended complaint. Rather, appellants raised constitutional challenges for the first time in their motion for summary judgment. We note appellants sent a copy of their motion for summary judgment to the Attorney General and the Attorney General did, in fact, respond to the trial court. In its April 25, 2000 Judgment Entry, the trial court refused to address the constitutional issues. In light of the Supreme Court's holding in Chicco, supra, we find the trial court was without jurisdiction to rule upon appellants' constitutional challenges, and therefore correct in declining to address appellant's arguments. Appellants' constitutional challenges are overruled. Single Per-Person Limit and Set-Off provisions Appellants maintain the trial court erred in finding the Grange policy limits could be set-off from the amount received from the tortfeasor. Further, appellant argues any derivative claims, like the consortium claim of the minor child, should not be subject to a single per-person limit under R.C. 3937.18(H). In light of our decision of Steinbach v. State Farm Mut. Automobile Ins. Co. (May 22, 2000), Licking App. No. 99CA00064, unreported, appellants' arguments are overruled.
Appellants' sole assignment of error is overruled. The April 25, 2000 Judgment Entry of the Richland County Court of Common Pleas is affirmed.
Milligan, V.J. Hoffman, P.J. and Edwards, J. concur